**PINNACLE REALTY MANAGEMENT COMPANY, Appellant,**

v.

**Carol KONDOS & Carol Chapman Kondos, P.C., both Individually, and on behalf of all others similarly situated, Appellees.**

No. 05–03–00559–CV.

Court of Appeals of Texas, Dallas.

Feb. 11, 2004.

Rehearing Overruled April 14, 2004.

Linda M. Szuhy, A. Scott Campbell, Leah M. Ballard, Touchstone, Bernays, Johnston, Beall, Smith, Dallas, for Appellant.

Keith M. Jensen, Gary W. Sibley, John W. MacPete, Law Office of Keith M. Jensen, P.C., Fort Worth, for Appellee.

Before Justices WHITTINGTON, WRIGHT, and BRIDGES.

## OPINION

Opinion by Justice WRIGHT.

Pinnacle Realty Management Company appeals the trial court's order certifying a class action. In three issues, Pinnacle asserts (1) the class representatives lack standing, (2) the certification requirements of rule 42 of the Texas Rules of Civil Procedure have not been met, and (3) the class definition is fatally flawed. We sustain Pinnacle's third issue and remand this case to the trial court for further proceedings.

## Background

Pinnacle contracted with American Blast Fax (ABF) to send faxes advertising their apartment complexes to specified geographical regions. Kondos sued Pinnacle alleging that she received an unsolicited fax in violation of the Telephone Consumer Protection Act (TCPA). *See* 47 U.S.C.A. § 227 (West 2001). Kondos moved to certify the case as a class action. The trial court granted the motion to certify. Pinnacle appeals this certification order.

## Class Definition

■ We review a trial court's order on class certification for an abuse of discretion. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 691 (Tex.2002). A trial court abuses its discretion when it: (1) acts arbitrarily or unreasonably; (2) fails to properly apply the law to the undisputed facts; or (3) rules on factual assertions not supported by the record. *Vincent v. Bank of America, N.A.*, 109 S.W.3d 856, 864 (Tex. App.-Dallas 2003, pet. denied).

■ In reviewing a class certification, the initial inquiry focuses on the parameters of the proposed class. *Intratex Gas Co. v. Beeson*, 22 S.W.3d 398, 403 (Tex. 2000). A properly defined class is essential to the maintenance of a class action. *Ford Motor Co. v. Sheldon*, 22 S.W.3d 444, 453 (Tex.2000). It is the class definition that determines who is entitled to notice, the nature of the relief to be awarded and who is entitled to that relief, and who is bound by the judgment if they lose. *Beeson*, 22 S.W.3d at 403. To be a sufficient class definition, class members must be presently ascertainable by reference to objective criteria. *Id.*

■ The trial court defined the claims and class as "the TCPA claims of the holders of telephone numbers on the date they are confirmed to have received Settler's Gate, Tree Tops or Park Place fax ads, when those properties were managed by Pinnacle, as confirmed by the American Blast Fax daily fax confirmation logs." The trial court states that the class members are presently ascertainable by reference to objective criteria. We agree that the ABF confirmation logs are objective criteria. However, we disagree that the evidence shows the class members are presently ascertainable. Absent from the record in this case is any evidence that the logs can be used to determine the names of the class members. Nor is there evi-

dence that the class members are presently ascertainable from any other source. Accordingly, the class definition fails to show that the class members are presently ascertainable.[1]

The trial court certified the class in the absence of evidence that the members could be presently ascertained from the fax numbers contained on the ABF confirmation logs. By defining the class without showing that its members are presently ascertainable, the trial court abused its discretion. *See Beeson*, 22 S.W.3d at 405. We sustain Pinnacle's third issue and remand this case to the trial court for further proceedings. Because of our disposition of Pinnacle's third issue, we need not address Pinnacle's remaining issues.

---

1. Further, there is no evidence of how much it would cost to determine the names of the class members from the logs. The costs involved in matching the fax numbers with their owners could be substantial, thereby rendering any benefits to the class minimal in comparison. *See Sheldon*, 22 S.W.3d at 455, citing, *Reyes v. San Diego County Bd. of Supervisors*, 196 Cal.App.3d 1263, 242 Cal.Rptr. 339, 345 (1987) ("[W]here the administrative cost in identification [of class members] . . . is so substantial to render the likely appreciable benefits to the class de minimis in comparison, the class action should not be certified.").