Brennan and Kimberly VANDYNE,
Individually and as Class Rep-
resentatives, Respondents,

v.

ALLIED MORTGAGE CAPITAL
CORP., Appellant.

No. SC 88273.

Supreme Court of Missouri,
En Banc.

Jan. 15, 2008.

Timothy M. Huskey, David M. Harris, James J. Zych, Kirsten M. Ahmad, St. Louis, MO, for Appellant.

Jeffrey J. Lowe, Francis J. "Casey" Flynn, St. Louis, MO, for Respondents.

RICHARD B. TEITELMAN, Judge.

Brennan and Kimberly Vandyne ("Plaintiffs") filed suit against Allied Mortgage Capital Corporation alleging that Allied violated the Missouri Merchandising Practices Act, section 407.020, *et seq.*, by misrepresenting charges for third-party services in connection with their loan transaction. The circuit court sustained Plaintiffs' motion for class certification. The judgment certifying the class is reversed, and the case is remanded.

### I.

The trial court defined that class as "[a]ll persons in Missouri who, since March

18, 1997 through December 21, 2002, based on nondisclosures and false, unfair, deceptive or misleading disclosures of Defendant Allied Mortgage Capital Corporation, paid charges for credit reports and/or other loan related services for mortgage loans that exceeded defendant's actual cost for those services."

Allied contends that the class definition includes an improper merit determination because the definition of the class includes a legal conclusion that requires the court to resolve a paramount liability question in order to identify class membership. Allied also argues that the term "loan-related services" is not sufficiently definite and that Plaintiffs' counsel is operating under conflict of interest and cannot adequately represent the class.

## II.

■ The determination of class certification under Rule 52.08 lies within the trial court's discretion. *State ex rel. Union Planters Bank, N.A. v. Kendrick*, 142 S.W.3d 729, 735 (Mo. banc 2004). Appellate review of an order granting class certification is solely for abuse of discretion. *Id.*

■ A class will not be deemed to exist unless the membership can be determined at the outset of the litigation. A class definition that includes a determination of the merits of the lawsuit is not permitted because the trial court has no authority to conduct an essentially binding preliminary inquiry into ultimate liability issues when it is making the threshold, procedural determination of class membership. *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 178 (Mo.App.2006)(citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974)). Additionally, including a merit determination in a class definition is problematic because such findings are "not accompa-

nied by the traditional rules and procedures applicable to civil trial," and such tentative findings, lacking such safeguards, "may color the subsequent proceedings and place an unfair burden on the defendant." *Craft v. Philip Morris Cos., Inc.*, 190 S.W.3d 368, 377 (Mo.App.2005).

■ Plaintiffs' theory of liability is that Allied misrepresented and failed to disclose costs incurred in processing Plaintiffs' loans. The class is defined in part as those individuals who paid costs based upon alleged "nondisclosures and false, unfair, deceptive or misleading disclosures" by Allied. The class definition in this case contains a legal conclusion that requires the court to resolve a paramount liability question in order to identify class membership. This is an improper merit determination. On remand, the class definition can be cured by eliminating the phrase "nondisclosures and false, unfair, deceptive or misleading disclosures" from the class definition.

■ Allied also asserts that the class definition is insufficiently definite with respect to defining what fees and services are "loan-related." It is not apparent from the language of the class certification precisely what is or is not encompassed in the term "loan-related." Absent additional specificity, the question as to whether a particular service or fee is "loan-related" can only be reached through an analysis of each individual potential class member's loan documents. Further, the definition as written presumes that certification as to one fee justifies certification as to all fees, whereas in fact a different factual balance may, or may not, be required as to each fee. This lack of specificity creates an indeterminate class definition that does not comport with the requirement of a definite, ascertainable class. *See Craft*, 190 S.W.3d at 387. As with the merit determination,

this is an issue that may be re-assessed on remand should class counsel, as stated at oral argument, amend to state separately those fees and services as to which class certification is sought.

The final issue that must be addressed is Allied's argument that Plaintiffs cannot adequately represent the class because one of the attorneys for the class is the brother-in-law of the named plaintiff. Allied contends that that this relationship creates a conflict of interest with respect to other class members.

Rule 52.08(a)(4) requires that, as a prerequisite to class certification, the trial court must find that: "the representative parties will fairly and adequately protect the interests of the class." State ex rel. *Union Planters Bank, N.A. v. Kendrick*, 142 S.W.3d 729, 735–36 (Mo. banc 2004). "This prerequisite applies both to the named class representatives and to class counsel." *Id.* at 735. In determining whether the adequacy prerequisite is satisfied as to a class representative, the circuit court must consider whether the named representative has, or may develop during the course of litigation, any conflicts of interest that will "adversely affect the interests of the class." *Id.* Instead of a blanket rule holding that class attorneys and their relatives can never act as class representatives, Missouri courts utilize a case-by-case approach that vests the circuit court with discretion to determine whether, under the facts of individual cases, plaintiffs and class counsel can adequately represent the class. *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 172 (Mo.App.2006). Under this approach, the circuit court is required to constantly monitor the case to ensure that the interests of the absent parties are being protected. *Id., citing Union Planters Bank*, 142 S.W.3d at 740.

In this case, the circuit court did not abuse its discretion in finding that Allied did not establish that Plaintiffs or counsel cannot adequately represent the class. The fact that one attorney for the class is related to a named plaintiff does not necessarily mean that counsel or the class representative cannot adequately represent other aggrieved mortgage customers. Additionally, there are multiple attorneys representing the class, and, should a demonstrable conflict arise, the circuit court retains the authority to substitute counsel or plaintiff so as to protect the interests of the class.

### III.

The circuit court abused its discretion in certifying a class that includes a determination of a key liability issue in the case and that does not sufficiently define "loan-related" services and fees. The circuit court did not abuse its discretion in finding that plaintiffs and counsel can adequately represent the class. The judgment is reversed, and the case is remanded.

All concur.