**TOP CRAFT, INC., Respondent,**

v.

**INTERNATIONAL COLLECTION SERVICES, and Tim Peters, Appellants.**

No. 28813.

Missouri Court of Appeals,
Southern District,
Division One.

June 30, 2008.

Robert M. Susman, Goffstein, Raskas, Pomerantz, Kraus & Sherman, L.L.C., St. Louis, MO, for Appellants.

Noah K. Wood, Law Offices of Wood & Associates, Springfield, MO, for Respondent.

Before PARRISH, P.J., BATES and SCOTT, JJ.

PER CURIAM.

This is an interlocutory appeal from a "junk fax" class action certification. We reverse and remand with directions.

### TCPA Basics

It is unlawful under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, to fax an unsolicited advertisement—*i.e.*, one sent without the recipient's "prior express invitation or permission."[1] 47 U.S.C. §§ 227(a)(4), 227(b)(1)(C). Statutory damages are $500 per violation, subject to trebling. 47 U.S.C. § 227(b)(3). Courts have reached various conclusions about aggregating and pursuing TCPA claims via class actions.[2]

---

1. Also, an "established business relationship" liability exception, previously recognized by regulation, now is codified. *See* 47 U.S.C. § 227(a)(2)).

2. *See, e.g., Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.Wa.2007); *Gene & Gene, LLC v. Biopay LLC*, 240 F.R.D. 239 (M.D.La. 2006); *Kenro, Inc. v. Fax Daily Inc.*, 962 F.Supp. 1162 (S.D.Ind.1997); *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400 (E.D.Penn. 1995); *Livingston v. U.S. Bank, N.A.*, 58 P.3d 1088 (Colo.App.2002); *Carnett's, Inc. v. Hammond*, 279 Ga. 125, 610 S.E.2d 529 (2005); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Okla. Civ.App.2006); *Pinnacle Realty Mgmt. Co. v. Kondos*, 130 S.W.3d 292 (Tex.App.2004); *Apartment Inv. and Mgmt. Co. v. Suggs & Assoc., P.C.*, 129 S.W.3d 250 (Tex.App.2004); *Kondos v. Lincoln Prop. Co.*, 110 S.W.3d 716

## Procedural Background

Defendants, who ran a Minnesota-based debt collection service, faxed plaintiff an unsolicited ad in February 2004. Plaintiff sued in May 2004, and two years later, moved to certify a class of "over 28,000 Missourians" to whom defendants allegedly also faxed unsolicited ads. Plaintiff had no names or addresses for these alleged recipients, only telephone numbers assumed to be fax numbers. In November 2007, the trial court granted plaintiff's motion and certified the class as all persons in Missouri "to whom Defendants sent one or more unsolicited facsimile advertisements between May 2003 and May 2004." We granted leave to appeal and defendants did so.[3] The appeal did not stay the trial court proceedings because neither the trial judge nor this court so ordered. *See* Rule 84.035(i).[4]

The following month, our supreme court held in *Vandyne v. Allied Mortgage Capital Corp.*, 242 S.W.3d 695 (Mo. banc 2008) that trial courts cannot certify a class that includes a determination of a key liability issue in the case. *Id.* at 697, 698.[5] Plaintiff then moved the trial court to amend its class certification—already on appeal here—to remove any reference to "unsolicited" facsimile advertisements. Both plaintiff and defendants, in subsequent briefs in this court, indicated that the trial court purported to do so.

The day before oral argument in this appeal, plaintiff moved to supplement the appellate record regarding the trial court's purported class amendment and other recent trial court actions allegedly "necessary to the determination of the questions on appeal" such as permission, established business relationship, and feasibility of notice to the class.

## Preliminary Matters

■ The timing of plaintiff's motion to supplement prejudiced the defendants (to whom Rule 84.01 allowed five days to respond) and this court. A party supplements the record when (or before) it files its main brief[6] so its appellate arguments will relate to and be supported by the record. If this court considered new information "necessary to the determination of the questions on appeal" without adequate briefing, we would have to speculate on its import and thus effectively advocate for one party or the other. This we cannot do. *See Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978); *Henson v. Henson*, 195 S.W.3d 479, 484 (Mo.App.2006). However, additional briefing would have meant postponing the oral argument and unacceptable delay. Thus, we did not immediately grant plaintiff's motion and now formally deny it.

■ This also means the purported class amendment is not before us, but we would decline to consider it in any event. The general rule for final and appealable judgments is that an appeal cuts off trial court jurisdiction to exercise any judicial function in the case and vests the jurisdiction in the appellate court. *Reynolds v. Reynolds*, 109 S.W.3d 258, 270 (Mo.App. 2003). Although this interlocutory appeal

---

(Tex.App.2003); and many unreported decisions available via online research.

3. The certification order eventually was denominated a "judgment" for appeal purposes. *See Spiece v. Garland*, 197 S.W.3d 594, 595–96 (Mo. banc 2006); *Brooks v. Brooks*, 98 S.W.3d 530, 532 (Mo. banc 2003).

4. Rule references are to Missouri Court Rules (2007).

5. A rule reiterated several months later in *State ex rel. Coca–Cola Co. v. Nixon*, 249 S.W.3d 855, 863 (Mo. banc 2008).

6. *See* Rule 84.035(h).

did not stay trial level proceedings, and trial courts generally may amend class certifications during a case (Rule 52.08(c)(1)), we find no authority for a trial court doing so while the certification is being appealed, nor could the parties at oral argument direct us to such authority. We are not surprised. The general rule against simultaneous trial/appellate court jurisdiction exists for good reason—we need not even begin to list illustrations why the alternative would be practically unworkable. Rule 84.035(i) recognizes that trial level activities that do not impede interlocutory review of a class certification generally may proceed. However, we agreed to review the class initially certified in November 2007. The trial court, regardless of its good intentions, could not divest us of that authority or change the class we agreed to review by acting unilaterally during our appeal. Thus, we deem the purported amendment a nullity and consider only the class originally certified.

## Analysis

■ The originally certified class violates *Vandyne;* indeed, we presume that is why plaintiff sought to amend the class. A class definition cannot hinge upon a key liability issue in the case. *See Vandyne,* 242 S.W.3d at 697, 698; *Coca–Cola,* 249 S.W.3d 855, 863. Whether a fax is unsolicited is a key TCPA liability issue. *See* 47 U.S.C. § 227(b)(1)(C); *Forman,* 164 F.R.D. at 404. Thus, a class defined as recipients of "unsolicited facsimile advertisements" triggers a prohibited preliminary merit determination and must be reversed.

■ Since this flaw is arguably curable on remand (*see Vandyne,* 242 S.W.3d at 697), we ordinarily would proceed to consider defendant's other class certification challenges. But under these unique circumstances, we deem it more responsible to refer those back to the trial court on remand. Actions have continued at the trial level, some of which allegedly are "necessary to the determination of" other class certification issues. As previously indicated, proper consideration of those by this court would require supplementation of the appellate record, further briefing, perhaps another oral argument, and significant delay. Moreover, as long as continuing trial level activities arguably affect these issues, as plaintiff has claimed to date, this court is dealing with a moving target and will never be as current on salient information as the trial court, which is authorized to change or amend its certification order or decertify the class any time before a decision on the merits. Thus, we will reduce the risk of undesirable delay by referring all remaining issues to the trial court for consideration in such manner as, in its discretion, it deems appropriate.

We reverse the judgment and remand the case with directions for further proceedings consistent with this opinion.