Robert WRIGHT, Robert Grossman, Robert Stolzberg, Dale Bunce, Jim Berkley, Jerry Johns, Stewart Johnson, Don Prior, Jack Kootman, and Raymond N. Felito, Jr., Plaintiffs/Respondents,

v.

The COUNTRY CLUB OF ST. ALBANS, Dennis Barnes, Bob Lepoire, Mike Bleamer, Pat Reagan, Sid Kent, Vern Eriksen, Rick Randazzo, Richard Johnston, and Bill Decker, Defendants/Appellants.

No. ED 90934.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 23, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 3, 2008.

Application for Transfer Denied
Dec. 16, 2008.

Russell F. Watters, T. Michael Ward, Timothy J. Wolf, Brown & James, St. Louis, MO, for appellant.

Summers, Heinz, Garrett & O'Keefe, P.C., J. Patrick Chassaing, St. Louis, MO, for respondent.

MARY K. HOFF, Judge.

The Country Club of St. Albans (St. Albans), Dennis Barnes, Bob Lepoire, Mike Bleamer, Pat Reagan, Sid Kent, Vern Eriksen, Rick Randazzo, Richard Johnston, and Bill Decker (collectively Defendants) appeal the from trial court's order granting the motion for class action certification filed by Robert Wright, Robert Grossman, Robert Stolzberg, Dale Bunce, Jim Berkley, Jerry Johns, Stewart Johnson, Don Prior, Jack Kootman, and Raymond N. Felito, Jr. (collectively Plaintiffs). Defendants timely filed their petition for permission to appeal under Section 512.020(3), RSMo. Cum.Supp.2007, Rule 52.08(f), and Rule 84.035. On appeal, Defendants argue the trial court abused its discretion in granting class certification because: (1) Plaintiffs' second amended petition failed to state a claim upon which relief can be granted as a matter of law against St. Albans, a voluntary not-for profit social organization; (2) Plaintiffs' second amended petition failed to state a claim upon which relief can be granted as a matter of law against St. Albans' board members; (3) Plaintiffs' action fails the "predominance" requirement for class certification; (4) Plaintiffs' action fails the "superiority" prerequisite for class action litigation; (5) the trial court did not adequately define the classes and subclasses; and (6) the trial court did not provide for adequate class and subclass representation. We affirm in part, dismiss in part, and remand for further proceedings.

*Factual and Procedural Background*

Plaintiffs, who are former St. Albans members, brought the underlying action to recover their equity contributions to the organization. Plaintiffs later amended their original petition to include a request that a class be certified of all former St. Albans equity members who have yet to

receive repayment of their equity contributions and that Robert Wright be named as the class representative.

In their second amended petition, Plaintiffs alleged they paid equity to St. Albans, in varying amounts, throughout their memberships. Plaintiffs alleged these payments were made with the belief that a full refund would be provided at their resignation. Plaintiffs further alleged that Defendants, through a manipulation of the interpretation and implementation of the St. Albans Bylaws, ensured that former members waiting on the Equity Repayment List would not be reimbursed their equity payments. Plaintiffs alleged this "manipulation" occurred through amendments of the St. Albans Bylaws, which increased the full-subscription number at which St. Albans' equity repayment obligation would be triggered, and through the creation of "Special Memberships," which altered the manner in which members were counted for purposes of reaching the full-subscription number.

Plaintiffs filed their class action petitions and amendments between March 2006 and February 2007. Among other matters, they brought claims for breach of good faith and fair dealing, breach of fiduciary duty, and negligence against Defendants. The trial court conducted hearings on various class certification issues. On February 7, 2008, the trial court entered its order certifying the following class:

> All former equity Members of the Club who have not been repaid their equity including those who have been identified by the Club on the "Equity Repayment List," from August 7, 1997 to the date the Court certifies the Class.

The trial court ordered that the case proceed as a class action under Rule 52.08(b)(3) with separate subclasses "consisting of those who became members of the Club under each particular set of bylaws." Further, the trial court determined that because the Club acted through its officers and board of directors, "those resigned members of the club who have not yet received repayment of their equity and who were Officers and/or on the Board of Directors from August 1, 1997 to present, have individual issues and defenses which predominate or are particular to them, and, therefore, should be excluded as members of the class herein." Consequently, the trial court found that because Plaintiff Robert Wright was both a former officer and director, he was not an adequate class representative for the defined members of the class or subclasses.

On February 19, 2008, the trial court granted Plaintiffs leave to file a third amended petition, which substituted the class representative. On the same date, Defendants sought this court's permission to appeal the class certification. This court sustained the petition, staying the trial court proceedings during the pendency of the appeal.[1]

### Standard of Review

 We review a trial court's order granting class certification under an abuse of discretion standard. *Vandyne v. Allied Mortgage Capital Corp.*, 242 S.W.3d 695, 697 (Mo. banc 2008). We will find an abuse of discretion only if the trial court's "ruling is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration." *Hale v. Wal–Mart Stores, Inc.*, 231 S.W.3d 215,

---

1. On March 10, 2008, this court issued its order granting Defendants' motion for permission to appeal the order granting class certification and denying Plaintiffs' motion to lift the stay of the trial court proceedings. Thus, a hearing on the adequacy of the substituted plaintiffs has not yet occurred.

221 (Mo.App.W.D.2007). The trial court does not abuse its discretion where reasonable persons could differ with respect to the propriety of its ruling. *Id.* We will err on the side of upholding certification in cases where it is a close question because "Rule 52.08(c)(1) provides for de-certification of a class before a decision on the merits." *Id.* (*quoting Dale v. Daimler-Chrysler Corp.*, 204 S.W.3d 151, 164 (Mo. App. W.D.2006)). Similarly, because class certification is subject to later modification, we will err in favor of, and not against, allowing maintenance of the class action. *Id.*

### Discussion

Before addressing the merits of this appeal, we address Plaintiffs' motion taken with the case. In their motion, Plaintiffs argue this court should strike Points I, II, and VI of Defendants' brief on appeal or, in the alternative, dismiss the appeal.

■ In Points I and II of their appeal, Defendants assert that Plaintiffs' petition fails to state a claim upon which relief can be granted against St. Albans and St. Albans' board members. An appeal of such issues from an order of class certification is improper. Missouri law is clear that class certification hearings are procedural matters in which the sole issue is whether the plaintiff has met the requirements for a class action. *Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712, 715 (Mo. banc 2007); *Hale*, 231 S.W.3d 215, 221–22. The trial court has no authority to conduct even a preliminary inquiry into whether the plaintiff has stated a cause of action or will prevail on the merits. *Meyer ex rel. Coplin*, 220 S.W.3d at 715; *Hale*, 231 S.W.3d 215, 221–22. Instead, an inquiry as to whether or not a cause of action is stated should be resolved by a motion to dismiss, not as part of a class certification analysis. *See Craft v.*

*Philip Morris Cos., Inc.*, 190 S.W.3d 368, 384 (Mo.App. E.D.2005).

■ Here, Defendants failed to file a motion to dismiss the Plaintiffs' second amended petition in the trial court on the basis that it failed to state a cause of action. Moreover, in their petition for permission to appeal the order granting class certification, in accordance with Rule 84.035(b)(1), Defendants never presented the issues contained within Points I and II of their appellate brief. Therefore, it is beyond the scope of this appeal and inappropriate in the context of reviewing a class certification for this court to address Defendants' Points I and II.

■ Similarly, it is premature for this court to address Defendants' Point VI wherein Defendants argue we should reverse the trial court's certification order because it does not provide for adequate class representation. Here, the trial court exercised its discretion in conditionally certifying the class, pending a hearing and determination as to the adequacy of the substituted class representatives. Following a hearing, should the trial court determine that the substituted plaintiffs are not adequate representatives, the trial court will de-certify the class. *Hale*, 231 S.W.3d at 221. Plaintiffs' motion is granted. Points I, II, and VI are dismissed.

In Points III, IV, and V, Defendants argue the trial court abused its discretion in granting class certification because: Plaintiffs' action fails the "predominance" requirement for class certification; Plaintiffs' action fails the "superiority" requirement for class certification; and the trial court did not adequately define the classes and subclasses. We disagree.

Class certification is governed by Rule 52.08. *Id.* For a class certification to be proper, it must meet all of the Rule 52.08 requirements. *Hale*, 231 S.W.3d at 222.

The record must demonstrate, at a minimum, that (i) the class is so numerous that joinder of all members is impracticable (numerosity); (ii) there are questions of law or fact common to the class (commonality); (iii) the claims of the named plaintiffs are typical of the class claims (typicality); and (iv) the named plaintiffs will fairly and adequately protect the class interests (adequacy). *Id.;* Rule 52.08(a).

■ In addition, the named plaintiffs must also satisfy one of the three requirements of Rule 52.08(b): (1) the prosecution of separate actions by or against individual class members would create a risk of inconsistent adjudications that would impose incompatible standards of conduct for the opposing party or impair or impede the ability of non-class members to protect their interests; or (2) questions of law or fact common to the members of the class predominate over any questions affecting individual members; or (3) that a class action is superior to other methods for fair and efficient adjudication of the controversy. *Hale,* 231 S.W.3d at 222. Finally, the certified class must meet two additional implied requirements: it must be capable of legal definition, and the representative parties must be members of the putative class. *Id.*

In Point III, Defendants allege that the trial court erred in granting Plaintiffs' motion for class certification under Rule 52.08(b)(3) because individual issues exist as to damages and defenses; therefore, the predominance requirement cannot be met. We are not persuaded by Defendants' argument.

■ Rule 52.08(b)(3) provides that class certification is proper when a court finds that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the

fair and efficient adjudication of the controversy." In determining whether a question is common or individual in making a predominance determination, a court examines the "nature of the evidence that will suffice to resolve the question." *Craft,* 190 S.W.3d at 382. If, in order to make a prima facie showing on a question, the members of a proposed class will need to present evidence varying among members, that question is individual. *Id.* If, however, the same evidence is sufficient for each member's prima facie showing, then such a question is common. *Id.*

■ In addition, the predominance requirement of Rule 52.08(b)(3) does not demand that every issue in a matter be common to all the class members, only that substantial common issues exist which predominate over the individual issues. *Doyle v. Fluor Corp.,* 199 S.W.3d 784, 789 (Mo.App. E.D.2006) (*citing State ex rel. American Family Mut. Ins. Co. v. Clark,* 106 S.W.3d 483, 488 (Mo. banc 2003)). A single common issue may be the overriding one in a matter, despite the existence of numerous remaining individual questions. *Id.* Moreover, the predominant issue need not dispose of the controversy or even determine liability. *Id.*

■ In its Certification Order, the trial court found that the common issues predominating over individual issues were:

Whether the Club deprived the resigned members of their equity contribution by creating membership classes for the purpose of not reaching full subscription (600 members); whether the Club purposely failed to increase reserves from new member's (sic) initiation fees, or purposely failed to require the payment of initiation fees from new members in order to avoid repayment of resigned members' equity; and whether the Club breached fiduciary duties to its members

in failing to repay the equity contributions (including alleged "manipulation" of the by-laws).

Here, the Equity Repayment List, prepared by St. Albans, specifies the amount of equity owed to each of the approximately 400 former members and is the same evidence relied upon by each class member on the repayment of equity question. Moreover, the conduct of St. Albans alleged to be wrongful is common to each member of the class.[2] While recognizing that individual questions of damages or individual defenses may still remain after the common issues here are resolved, the need for individualized proof as to such questions does not defeat the predominance of the common issues. *Doyle*, 199 S.W.3d at 789–90 (*citing Craft*, 190 S.W.3d at 368). Even if other important matters will need to be tried separately, a case may proceed as a class action if one or more of the central issues are common to the class and can be said to predominate. *Id.* at 790. Given that central issues here are common to the class, common issues can be said to predominate. *Id.* We find no abuse of discretion in the trial court's determination that substantial common issues exist which predominate over the individual issues. Point III is denied.

In Point IV, Defendants allege that the trial court erred in granting Plaintiffs' motion for class certification under Rule 52.08(b)(3) because a class action is not the superior method for adjudicating Plaintiffs' claims. We are not persuaded by Defendants' argument.

In determining whether a class action is superior to other available methods for the fair and efficient adjudication of the particular controversy in question, the trial court is required to consider:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;

(D) the difficulties likely to be encountered in the management of a class action.

Rule 52.08(b)(3). "The superiority requirement requires the trial court to balance, in terms of fairness and efficiency, the merits of a class action in resolving the controversy against those of 'alternative available methods' of adjudication." *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 181 (Mo.App. W.D.2006). The balancing must be in keeping with judicial integrity, convenience, and economy and must focus primarily on the efficiency of the class action over other available methods of adjudication. *Id.* at 181–82.

Here, the trial court found that "[d]ue to the relatively minor dollar amount of [the] equity refund sought by each individual resigned Club member, class action is a more efficient way to bring the claims before the Court." Based on the facts before us, class action would be superior to other methods of adjudication in that, in the absence of class action, the potential expense of the litigation in relation to the relatively small recovery amount for each plaintiff would prevent most, if not all, injured parties from initiating a lawsuit. *Id.* at 182. Judicial econo-

---

**2.** The wrongful conduct specifically alleged by Plaintiffs against Defendants in their second amended petition was breach of good faith and fair dealing (Count I), breach of fiduciary duty (Count II), and negligence (Count III).

my and efficiency dictate that all such possible claims against Defendants be tried in one class action lawsuit, rather than numerous lawsuits. We find no abuse of discretion in the trial court's determination that Plaintiffs' action satisfied the "superiority" requirement under Rule 52.08(b)(3). Point IV is denied.

 Finally, in Point V, Defendants allege that the trial court erred in granting Plaintiffs' motion for class certification because the trial court did not adequately define the classes and subclasses. Specifically, Defendants contend that Plaintiffs failed to demonstrate the existence of an identifiable class "capable of ascertainment under some objective standard."

 A class will not be deemed to exist unless the membership can be determined at the outset of the litigation. *Vandyne*, 242 S.W.3d at 697. " 'The primary concern underlying the requirement of a class capable of definition is that the proposed class not be amorphous, vague, or indeterminate.' " *State ex rel. Coca–Cola Co. v. Nixon*, 249 S.W.3d 855, 861–62 (Mo. banc 2008) (*quoting Craft*, 190 S.W.3d at 387). The class definition must be sufficiently definite so that it is administratively feasible to identify members of the class. *Id.*

In its Certification Order, the trial court certified the following class:

All former equity Members of the Club who have not been repaid their equity including those who have been identified by the Club on the "Equity Repayment List," from August 7, 1997 to the date the Court certifies the Class.[3]

It is undisputed that all of the individuals on the Equity Repayment List, prepared by St. Albans, were members who had

resigned and had not been repaid their equity. As the proposed class here is not "amorphous, vague, or indeterminate," we find no abuse of discretion in the trial court's granting class certification. Point V is denied.

*Conclusion*

The order of the trial court certifying a class is affirmed. The trial court on remand shall conduct a hearing to determine the adequacy of the substituted class representatives.

BOOKER T. SHAW, Presiding Judge and PATRICIA L. COHEN, Judge, concur.

---

**3.** The trial court excluded from this class "those resigned members of the club who have not received repayment of their equity and who were Officers and/or on the Board of Directors from August 1, 1997 to present."