

# In the Missouri Court of Appeals
## Eastern District

### DIVISION ONE

TEMUJIN KENSU, INDIVIDUALLY AND )     No. ED113320
ON BEHALF OF ALL OTHERS )
SIMILARLY SITUATED, )
)
     Respondents, )     Appeal from the Circuit Court of
)     St. Louis County
vs. )     19SL-CC02467
)
KEEFE COMMISSARY NETWORK, )     Honorable Brian H. May
L.L.C. D/B/A ACCESS CORRECTIONS, )
)
     Appellant. )     Filed: August 26, 2025

Before Robert M. Clayton, III, P.J., Lisa P. Page, J., and Michael E. Gardner, J.

Keefe Commissary Network, LLC, d/b/a Access Corrections (Keefe Commissary),

appeals from the order of the trial court certifying a class for the claims of breach of contract,

violation of the Missouri Merchandising Practices Act (MMPA), and breach of the duty of good

faith and fair dealing alleged in the action filed by Temujin Kensu (Kensu). We affirm in part

and reverse and remand in part.

## BACKGROUND

Kensu filed a ten-count petition individually and on behalf of a class of similarly situated

individuals seeking declaratory judgment, injunctive relief, and damages as a result of allegedly

deceptive practices in Keefe Commissary's SecureMedia MP3 program (MP3 program), a digital

music service program to provide prisoners the ability to purchase music players and files. He

filed an initial motion for class certification, which was denied. Kensu filed a second motion for class certification, which the trial court granted in part and denied in part. The court issued an order granting class certification as to Kensu's claim for breach of contract (Count II), violation of the MMPA (Count III), and breach of the duty of good faith and fair dealing (Count V). The trial court denied certification as to the remaining counts. Keefe Commissary filed a petition for permission to appeal the class certification. This court granted the petition and this appeal follows.

## DISCUSSION

Keefe Commissary asserts three points on appeal. In the first point, it claims the trial court erred in granting class certification because Kensu did not meet his evidentiary burden to present evidence that any class claims exist. In its second point, Keefe Commissary argues the trial court erred because the class as certified exceeds the relevant statutes of limitation for each of the claims.[1] In the third and final point on appeal, Keefe Commissary contends the trial court's *sua sponte* class definition improperly includes a determination of the merits of the suit.

### *Standard of Review*

The determination of class certification is within the trial court's sound discretion. *Vandyne v. Allied Mortg. Cap. Corp.*, 242 S.W.3d 695, 697 (Mo. banc 2008) (citing *State ex rel. Union Planters Bank, N.A. v. Kendrick*, 142 S.W.3d 729, 735 (Mo. banc 2004)). Thus, appellate review of the court's order granting certification is solely for an abuse of discretion. *Id*. A court abuses its discretion only if its ruling is so arbitrary and unreasonable as to shock the sense of

---

[1] Kensu concedes the five-year statute of limitations applies to each claim; however, he argues that a cause of action was originally filed in Michigan on March 5, 2019, which tolled the statute of limitations pursuant to the agreement of the parties. There is no evidence in the record before us to support such a contention. However, as discussed in point three, because the cause must be remanded for the trial court to properly define the class, the court should include only those claims within the applicable statute of limitations for each certified cause of action.

justice and indicate lack of careful consideration. *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 164 (Mo. App. W.D. 2006) (quoting *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 410 (Mo. App. W.D. 2000) (internal quotation marks omitted)). Because Rule 52.08(c)(1)[2] states that class certification may be "conditional and may be altered or amended before the decision on the merits," we err on the side of upholding the class certification. *Id.*

<em><u>Analysis</u></em>

In its first point on appeal, Keefe Commissary argues the trial court erred in granting class certification because Kensu did not meet his burden of proof by presenting any evidence to show that class claims exist.

Class certification is governed by Rule 52.08. It is designed in the interest of judicial economy and allows for the litigation of common questions of law and fact of numerous individuals in one proceeding. *Hope v. Nissan North Amer., Inc.*, 353 S.W.3d 68, 73 (Mo. App. W.D. 2011) (quoting *Craft v. Philip Morris Cos., Inc.*, 190 S.W.3d 368, 378 (Mo App. E.D. 2005)). Rule 52.08 sets forth four prerequisites to class certification generally referred to as numerosity, commonality, typicality, and adequacy. Once these prerequisites are established, a class action may be maintained only by satisfying one of the requirements of Rule 52.08(b). In addition, two additional requirements are implied – first, the class is capable of legal definition, and second, that the representative parties are members of the putative class. *Moore v. Scroll Compressors, LLC*, 632 S.W.3d 810, 815 (Mo. App. S.D. 2021) (internal citation omitted).

Rule 52.08(c)(1) provides that the determination of whether the class action can be maintained is to be made "[a]s soon as practicable after the commencement of an action brought as a class action . . . ." Thus, the trial court typically makes the determination regarding

---

[2] All references to Rules are to Missouri Supreme Court Rules (2024).

certification before full discovery or actual presentation of evidence. *Hope*, 353 S.W.3d at 74 (quoting *Smith v. Am. Family Mut. Ins., Co.*, 289 S.W.3d 675, 688 (Mo. App. W.D. 2009)). "The party seeking class certification bears the burden of proof." *Moore*, 632 S.W.3d at 815 (internal quotation omitted). This burden is satisfied if there is evidence in the record which, if taken as true, would satisfy the requirements of Rule 52.08. *Id*. Therefore, class certification is largely determined based upon the allegations in the petition. *Hope*, 353 S.W.3d at 74. The issue is not whether plaintiff has stated a cause of action or can prevail on the merits, but whether the plaintiff has met the requirements for a class action. *Id*.

Here, Keefe Commissary agrees that Kensu may rely "in part" on the allegations in the petition to support certification. However, it contends there is no allegation or evidence of a contract upon which to base his claims. This argument is refuted by the allegations in the petition. The petition sufficiently alleges each element required for class certification under Rule 52.08. In addition, the petition does allege that participation in the MP3 Program constituted a contract entered into between the purported class plaintiffs and Keefe Commissary. These allegations, if taken as true, are sufficient to establish a right to class certification, and the trial court did not abuse its discretion. Point one is denied.

While Keefe Commissary's evidentiary argument fails, in its third point, Keefe Commissary contends the trial court's *sua sponte* class definition impermissibly includes determination of the merits of the suit. Kensu concedes the court's definition should be revised to exclude the allegedly improper language, but argues it should not be "abandoned" but merely revised.

As both parties agree, including a determination of the merits in a class definition is not permitted. *Vandyne*, 242 S.W.3d at 697 (citing *Dale*, 204 S.W.3d at 178). If the class definition

4

is framed as a legal conclusion, there is no way to ascertain whether an individual is a member of the class without a determination of the ultimate liability as to that individual. *Dale*, 204 S.W.3d at 179 (internal quotation omitted). The trial court does not have the authority to conduct an effectively binding inquiry into what may ultimately be the substantive issues of liability at the preliminary, procedural determination of class membership. *Vandyne*, 242 S.W.3d at 697. Including such a merit determination is problematic because the findings are not "accompanied by the traditional rules and procedures applicable to civil trial." *Id*. (quoting *Craft*, 190 S.W.3d at 377 (internal quotations omitted)).

> The class definition crafted *sua sponte* by the trial court was as follows:
>
> *Individuals currently or previously incarcerated in the Michigan Department of Corrections who on or after January 1, 2013, purchased products, content and/or services from Keefe Commissary Network, L.L.C.'s (d/b/a Access Corrections) MP3 Program utilizing the MAXX Pro, MAXX Pro2, MAXX Pro3, MAXX Pro4 and/or SEC-100 device(s) and have experienced during ownership of said device(s) any and/or all of the following issues with the MP3 Program: (a) device would not power on, rendering it unusable; (b) device permanently locked; (c) purchased music unable to be copied; (d) corrupted music downloads; (e) **improperly** denied warranty coverage; (f) **unauthorized** transfer of the users' data when multiple players are connected to a kiosk and/or (g) denied access to the full portfolio of previously purchased and owned music, including the **unauthorized** removal of their music files.* (emphasis added).

Kensu's claims related to alleged misconduct and deceptive practices engaged in by Keefe Commissary with respect to its MP3 program, with the intent to extort funds from Kensu and the members of the class. We agree with both parties that predicating class membership upon "improperly" being denied warranty coverage, or upon the "unauthorized" transfer or removal of music files requires a court to make the exact type of merit determination specifically prohibited in its ascertainment of whether an individual is a member of the class. *See Vandyne*, 242 S.W.3d at 697. Although Kensu claims the definition "should stand with a minor revision," as the Court determined in *Vandyne*, the trial court should be the arbiter of eliminating the

5

improper phrases. *Id*. (class definition could be cured by eliminating improper phrases on remand). This is particularly true where, as here, the trial court crafted its own definition and Keefe Commissary was not afforded an opportunity to challenge it. *See, e.g., Hope,* 353 S.W.3d at 76 (general practice in class certification is party seeking certification proposes definition which is subject to challenge by the opposing party).

The trial court abused its discretion by improperly defining the class in a manner in which requires a determination of the merits of the action to ascertain whether an individual is a member. Point three on appeal is granted.

## CONCLUSION

The trial court's order granting class certification is affirmed. However, the trial court's *sua sponte* class definition constituted an abuse of discretion. Therefore, the order is reversed as to the definition and the cause is remanded for further proceedings consistent with this opinion.

_____
Lisa P. Page, Judge

Robert M. Clayton, III, P.J.,
and Michael E. Gardner, J., concur.

6