Julia BROOKS, Respondent,

v.

Jeffrey M. BROOKS, Appellant.

No. SC 84748.

Supreme Court of Missouri,
En Banc.

March 4, 2003.

Lawrence G. Gillespie, Clayton, for Appellee.

Benicia A. Baker-Livorsi, St. Charles, Nathan S. Cohen, Clayton, for Respondent.

STEPHEN N. LIMBAUGH, JR., Chief Justice.

Jeffrey M. Brooks ("Husband") appeals from a Qualified Domestic Relations Order

(QDRO) entered by the trial court to implement the division of Husband's pension plan pursuant to a previously entered decree of dissolution, which dissolved the marriage of Husband and Julia Brooks ("Wife"). This Court granted transfer pursuant to Mo. Const. art. V, sec. 10, to consider whether such an order is appealable. Having now determined that the order is appealable, the case is retransferred to the court of appeals for consideration on the merits.

I.

On October 7, 1994, the trial court entered findings of fact, conclusions of law and decree of dissolution, dissolving the marriage of Husband and Wife. Under Paragraph 20 of the decree, Wife was awarded 50% of any benefits payable to Husband as a participant in an employee pension plan, "as more specifically provided in a [QDRO] to be prepared by counsel for Wife and submitted to this Court for signature." For reasons that are not part of the record, no proposed QDRO was presented to the court until 2001, but on July 9 of that year, the trial court entered a QDRO providing Wife with survivor benefits as follows:

III.   Death Benefits

A.   In the event that the participant predeceases the alternate payee prior to the participant's earliest retirement date, the alternate payee shall be deemed to be a surviving spouse, as defined in the Plan, and shall be entitled to receive the portion of the death benefit payable under the plan with respect to the participant's entire accrued benefit prior to division. The benefit paid under this paragraph shall be in lieu of any other benefit provided under this order.

On August 20, 2001, Husband filed a notice of appeal. Then on November 1,

2001, the trial court entered a nunc pro tunc order retitling the QDRO as a "Judgment." On appeal, Husband asserts that the "trial court erred in entering the Qualified Domestic Relations Order and Judgment which awarded Wife survivor benefits in excess of those necessary to implement the division of property set forth in the Decree of Dissolution because the [QDRO] is based on a misapplication of law and is in excess of the trial court's jurisdiction in that full survivor benefits set up a possible windfall for Wife in the event of Husband's death and prevent a subsequent spouse of Husband from receiving survivor benefits."

II.

The appealability of the QDRO is a jurisdictional question. As a general rule a party in a civil action may only appeal from a trial court's final judgment. *Avidan v. Transit Cas. Co.*, 20 S.W.3d 521, 523 (Mo. banc 2000). Section 512.020, RSMo 2000, however, sets forth certain exceptions to this rule and permits a party to directly appeal "from any special order after final judgment in the cause." The phrase " 'any special order after final judgment in the cause' ... 'contemplates that a judgment has become final and that one of the parties is attempting to enforce the judgment or to attack the enforcement of the judgment [with a subsequent order].' " *State ex rel. Westmoreland v. O'Bannon*, 87 S.W.3d 31, 34 (Mo.App.2002). A QDRO is in fact an order that may be obtained after and pursuant to a previously entered final judgment (here, a dissolution decree) and fits within the "special order" exception. *See Worley v. Worley*, 19 S.W.3d 127, 129 (Mo. banc 2000) (holding that trial court's denial of a motion to set aside its previous order modifying the judgment of dissolution constituted a "special order after final judgment"); *State ex rel. West-*

*moreland,* 87 S.W.3d at 35; *Williams v. Williams,* 997 S.W.2d 80, 81 (Mo.App. 1999).

 Although the QDRO is an appealable special order, to perfect the appeal it is still necessary to denominate the order as a "judgment or decree." This requirement, set out in Rule 74.01(a), applies to "decree[s] and any order from which an appeal lies." *Tyree v. Tyree,* 978 S.W.2d 846 (Mo.App.1998), which appears to be the only case to address the application of Rule 74.01(a) to special orders under section 512.020, holds to the contrary, and is now overruled.

 In this case the nunc pro tunc amendment denominating the QDRO as a "judgment" was not effective to satisfy the Rule 74.01(a) requirement because the nunc pro tunc mechanism is only available to correct clerical errors, not judicial errors. *Pirtle v. Cook,* 956 S.W.2d 235, 240 (Mo. banc 1997). However, because it is clear that the trial court intended to finalize the judgment for purposes of appeal on November 1, 2001, the date the nunc pro tunc order was entered, the denomination of the order as a judgment on that date satisfied Rule 74.01(a), and the characterization of the entry as nunc pro tunc is considered as mere surplusage.

### III.

Having determined that the appeal of the QDRO was proper, the case is retransferred for a decision on the merits.

All concur.