Mark SPIECE, Respondent,

v.

Melody GARLAND, Appellant.

No. SC 87369.

Supreme Court of Missouri,
En Banc.

June 30, 2006.

As Modified on Denial of Rehearing
Aug. 22, 2006.

Richard F. Modin, Kansas City, for appellant.

Christopher P. Sweeny, John E. Turner, Kansas City, Andrew J. Gelbach, Warrensburg, for respondent.

STEPHEN N. LIMBAUGH, JR., Judge.

Melody Garland appeals from the circuit court's order granting a new trial based on juror misconduct. After opinion by the Court of Appeals, Western District, this Court granted transfer. Mo. Const. art. V, sec. 10. Reversed and remanded.

A jury awarded plaintiff Mark Spiece $75,000 for injuries he sustained in a vehicular accident with defendant Melody Garland. After judgment was entered, Spiece, apparently dissatisfied with the amount of the verdict, filed a motion for new trial alleging that one of the jurors had failed to truthfully respond to voir dire questions regarding her involvement in prior lawsuits. On June 28, 2004, the trial court entered an "Order" granting the motion for new trial, without stating any reason for its decision. Two days later, on June 30, Garland, who seeks reinstatement of the verdict, appealed the order granting a new trial. Then on July 2, 2004, the circuit court entered a "Judgment/Order" explaining that the new trial motion was granted based on the "misconduct of Juror 3 ... who failed to disclose prior civil litigation after the question was specifically asked during voir dire."

█ Garland purports to bring this appeal under the June 28 order, rather than the July 2 judgment explaining the grounds for the new trial, but Spiece contends that the appeal properly arises from the judgment rather than the order. The difference is that if the appeal was properly taken from the order, then a presumption arises that the motion for new trial was erroneously granted because the court failed to specify the grounds for its decision. In that regard, Rule 84.05 provides:

(c) When a trial court grants a new trial without specifying of record the ground or grounds on which the new trial is granted, the presumption shall be that

the trial court erroneously granted the motion for new trial and the burden of supporting such action is placed on the respondent. ...

(d) If the trial court grants a new trial without specifying discretionary grounds, it shall never be presumed that the new trial was granted on any discretionary grounds.

On the other hand, if the appeal can only be taken from the later entry of the "judgment," then no presumption arises that the motion for new trial was improvidently granted, and appellate review is simply for abuse of discretion. *Higgins v. Gosney*, 435 S.W.2d 653, 661 (Mo.1968); *Lowdermilk v. Vescovo Bldg. & Realty Co.*, 91 S.W.3d 617, 625 (Mo.App.2002).

█ The substantive right to appeal is governed by section 512.020. It states in relevant part that aggrieved parties may appeal:

from any order granting a new trial, or order refusing to revoke, modify or change an interlocutory order ... or dissolving an injunction ... or from any final judgment in the case or from any special order after final judgment in the cause. ...

*Id.* The statute, however, must be read in conjunction with Rule 74.01(a), which states:

"Judgment" as used in these rules includes a decree *and any order from which an appeal lies.* A judgment is rendered when entered. *A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed.*

*Id.* (emphasis added). The effect of this rule, as it applies to this case, is that there can be no order from which an appeal lies unless the decree or order is entered and denominated a "judgment." In other words, the order must be perfected in this

way under Rule 74.01(a) before it can constitute an order from which an appeal lies under section 512.020. There is no conflict between the statute and the rule. Section 512.020 merely lists the kinds of orders that, in addition to final judgments, are appealable; it does not purport to address the procedural requirements for the appeal.

That was the import of *Brooks v. Brooks*, 98 S.W.3d 530, 532 (Mo. banc 2003), in which this Court held that a qualified domestic relations order (QDRO), which is a "special order after final judgment," must be denominated a "judgment" to be appealable. Although appellant Garland maintains that the *Brooks* holding applies only to "special orders after final judgment," rather than to orders granting a new trial, nothing in *Brooks* nor in the statute or the rule supports that conclusion. Section 512.020 lists both kinds of orders, and Rule 74.01(a) requires that both be denominated "judgments." To the extent *Duckett v. Troester*, 996 S.W.2d 641, 646 (Mo.App.1999), holds to the contrary, it is overruled.

For these reasons, the date for filing an appeal did not run until the trial court's entry of the "judgment" on July 2, and the "appeal" filed on June 30 was simply premature, Rule 81.05(b). Of course, had the trial court failed to later denominate the order granting the new trial as a "judgment," a writ could have issued compelling the court to do so or to otherwise refrain from proceeding with the new trial. But that is not the case. In the final analysis, Garland was entitled to appeal the order granting a new trial under section 512.020, but she was not entitled to do so until the court perfected the order by denominating it a judgment under Rule 74.01(a).

Having determined that the appeal was properly taken from the July 2 judgment rather than the June 28 order, and because that judgment specified the grounds for the trial court's grant of a new trial, there is no presumption that the trial court erred. Consequently, appellate review is for abuse of discretion only. Even under that more favorable standard, however, respondent Spiece does not prevail on the merits. Before a new trial can be granted on grounds of juror non-disclosure, it must first be determined whether non-disclosure occurred. *Keltner v. K–Mart Corp.*, 42 S.W.3d 716, 722 (Mo.App.2001). Here it did not.

■ The record simply does not support Spiece's allegation that Juror No. 3 engaged in misconduct by failing to truthfully respond to a question about her prior involvement in lawsuits. During the voir dire, respondent Spiece's counsel made the following inquiry:

> Is there anybody on the jury who you or a family member has ever been a plaintiff in a lawsuit for personal injury? You or a family member has filed a lawsuit where you are seeking money damages for an injury? Okay. I'm not talking about divorce cases or a landlord/tenant case, or a suit on a contract. Okay? You or a family member filed a lawsuit for personal injury? Anyone up here?

Juror No. 3 did not respond to this question. Following trial, Spiece obtained an affidavit from Juror No. 3, wherein she stated:

> I failed to disclose that I was involved in a slip and fall accident in which I received a settlement from Safeco Insurance Company. In my slip and fall case, I retained an attorney. I also failed to disclose that I had a car accident. I made a claim for my property damage.

This statement is the sole basis of the non-disclosure claim. Juror No. 3, however, had no obligation to disclose this informa-

tion in response to the voir dire questions, because those questions were limited to whether members of the jury pool had ever "filed a lawsuit for personal injury." The affidavit of Juror No. 3 does not indicate that she ever filed a lawsuit and, in fact, strongly implies that her personal injury claims were settled without the necessity of formal litigation. There was no non-disclosure, thus no juror misconduct, and for that reason the trial court abused its discretion in granting a new trial.

The judgment granting a new trial is reversed, and the cause is remanded for entry of judgment on the jury's verdict.

WOLFF, C.J., STITH, PRICE and RUSSELL, JJ., concur.

TEITELMAN, J., dissents in separate opinion filed.

WHITE, J., concurs in opinion of TEITELMAN, J.

RICHARD B. TEITELMAN, Judge, dissenting.

I respectfully dissent from the majority opinion to the extent it holds that the circuit court abused its discretion in finding juror misconduct. Appellate courts must allow every reasonable inference that favors that trial court's decision in granting the new trial. *Lowdermilk v. Vescovo Bldg. & Realty Co., Inc.*, 91 S.W.3d 617, 625 (Mo.App.2002); *Mason v. Wal-Mart Stores, Inc.*, 91 S.W.3d 738, 741 (Mo.App. 2002). Thus, the grant of a new trial will not be reversed unless there has been a clear abuse of discretion. *Lowdermilk*, 91 S.W.3d at 625. An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration on the part of the court. *Id.* If reasonable people can differ

about the propriety of the action taken by the trial court, the trial court will not be found to have abused its discretion. *Id.*

In this case, Garland's counsel asked if any jurors or their family members had ever "been a plaintiff" or "filed a lawsuit" in a personal injury case. After trial, Juror No. 3 stated that she did in fact fail to disclose that she was involved in a "slip and fall" accident in which she received a settlement. The majority concludes that the affidavit does not indicate that Juror No. 3 filed a lawsuit and strongly implies that her claims were settled without litigation. That is one way to assess the affidavit, however, there is also a strong implication that Juror No. 3 did file a lawsuit, as she retained an attorney prior to reaching a settlement. It is not unheard of for insurance companies to settle a lawsuit to avoid the uncertainties of further litigation. Moreover, Juror No. 3 states in her affidavit that she "failed to disclose" information. The circuit court could have reasonably concluded that, in view of the voir dire question, Juror No. 3 is stating that she failed to disclose information that was responsive to the question asked; i.e., she failed to disclose that she filed a lawsuit in a personal injury case.

The trial judge, who observed the proceedings and the parties throughout, concluded that there was juror non-disclosure. This Court should not find an abuse of discretion based upon this brief record detached from the context of the actual proceedings, particularly when that record reveals nothing but competing implications. I would find that the circuit court did not abuse its discretion in granting the new trial.