Alice DEMPSEY, et ux., Respondent,

v.

SHELTER GENERAL INSURANCE COMPANY, et al., Appellant,

Travis Rechterman, Respondent.

No. WD 65396.

Missouri Court of Appeals, Western District.

Aug. 29, 2006.

Michael Eugene McCausland, Kansas City, MO, for Appellant.

William Dirk Vandever, Kansas City, MO, for Respondents Dempsey.

Andrew Jay Gelbach, Warrensburg, MO, for Respondent Rechterman.

Before JAMES M. SMART, JR., P.J., ROBERT G. ULRICH, and LISA WHITE HARDWICK, JJ.

PER CURIAM.

Shelter General Insurance Company seeks to appeal the denial of a motion to set aside a default judgment. Because this court lacks jurisdiction in this matter, we dismiss the appeal.

## Background

In 1999, Travis Rechterman caused a vehicular collision between his vehicle and a vehicle driven by Alice Dempsey. Dempsey was injured in the collision. Rechterman's liability was insured through Shelter General Insurance Company.

On March 14, 2000, Alice Dempsey and her husband, Tim Dempsey, filed suit against Rechterman. In October 2004, the court entered a judgment for the Dempseys against Rechterman in an amount that included pre-judgment interest assessed under section 408.040.

Thereafter, the Dempseys filed an equitable garnishment action pursuant to § 379.200 [1] against Shelter and Rechterman, alleging that Shelter refused to pay all of the insurance proceeds due under Rechterman's policy. In March 2005, the Dempseys obtained a default judgment against Shelter for failure to file an answer.

On April 11, Shelter filed a motion to set aside the Default Judgment under Rule 75.01. After a hearing, the court denied the motion to set aside. Shelter seeks to appeal the denial of the motion.

## Rule 74.01

▇▇▇▇ The first three sentences of Rule 74.01 state as follows:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed.

---

**1.** All statutory references are to Revised Statutes of Missouri, 2000, unless otherwise noted.

These three sentences must be read together rather than in isolation from one another. *See Brooks v. Brooks,* 98 S.W.3d 530, 531 (Mo. banc 2003). The court has construed its rule as meaning that the entering of a ruling designated an "order" does not constitute the rendition of a judgment.

■ The concepts of finality and appealability are generally overlapping concepts; with certain specified exceptions, a ruling must be final to be appealable. *See, e.g.,* Section 512.020. The Missouri Supreme Court, in exercising its supervisory authority over the lower courts, can adopt rules as to the procedural aspects of appealability. The Court has done so in its amendments to Rule 74.01, effective January 1, 1995, in which, as we have seen, a judgment is not rendered (entered) until it is signed by the judge and denominated a "judgment" or "decree."

■ The decisions of the Supreme Court have also made clear that the Court's intention in adopting Rule 74.01 is to require that the trial court designate every appealable order a "judgment" or "decree" even if the order is not equivalent to a judgment in the traditional sense of the word. *See, e.g., Brooks,* 98 S.W.3d at 532 (post-dissolution QDRO); *Spiece v. Garland,* 197 S.W.3d 594, at 595 (Mo. 2006)("order" granting new trial).

In *In re Marriage of Coonts,* 190 S.W.3d 590, 603 (Mo.App.2006), the Southern District of this court held that a denial of motion to set aside default judgment was not a "judgment" as required by Rule 74.01 where it was not denominated "judg-

ment" or "decree." The court accordingly dismissed the appeal.

For all of these reasons, we conclude that the order denying the motion to set aside the default judgment is not a judgment in accordance with Rule 74.01(a). It was an order, interlocutory in effect, and therefore remains within the jurisdiction of the circuit court.

The appeal is dismissed.[2]

---

2. Upon noting the jurisdictional defect, the court allowed the parties three weeks to attempt to cure the defect. Because the parties were unable to do so, and because there remain issues to be heard in the circuit court related to the judgment, we deny Shelter's motion for extension of time to cure the defect. Upon obtaining a judgment pursuant to Rule 74.01, Shelter may again seek to appeal. An expedited appeal would minimize further delay.