**VELOCITY INVESTMENTS, LLC, Plaintiff/Appellant,**

v.

**Robert KORANDO, Defendant/Respondent.**

**No. ED 92390.**

Missouri Court of Appeals, Eastern District, Division Five.

June 30, 2009.

---

Gary Underwood, St. Louis, MO, for appellant.

Robert Korando, St. Charles, MO, pro se.

NANNETTE A. BAKER, Chief Judge.

Velocity Investments, LLC (Appellant) appeals from an order of the circuit court setting aside its default judgment against Robert Korando (Respondent) and dismissing its petition with prejudice on November 10, 2008. Because there is no final, appealable judgment, we dismiss the appeal.

■ To invoke appellate jurisdiction, the order of the trial court must be a final judgment. *Hayes v. Porter,* 30 S.W.3d 845, 846–47 (Mo.App. E.D.2000). Rule 74.01(a) provides that a judgment is entered "when a writing signed by the judge and denominated 'judgment' or 'decree' is filed."

■ Here, the record contains a docket entry stating that the motion to set aside the default judgment is granted. This docket entry is not a writing signed by the judge nor is it denominated a judgment or decree. The record also contains a "Memorandum" dated November 10, 2008 which states the case is dismissed with prejudice for failure to prosecute. This memorandum is signed by the judge, but is not denominated a judgment or decree as required by Rule 74.01(a). Without a judgment complying with Rule 74.01(a), this Court is without appellate jurisdiction. *Moss v. Home Depot USA, Inc.,* 988 S.W.2d 627, 631 (Mo.App. E.D. 1999); *City of St. Louis v. Hughes,* 950 S.W.2d 850 (Mo. banc 1997).

■ This Court issued an order directing Appellant to file a supplemental legal file with a copy of a judgment that complied with Rule 74.01(a). In response to this order, Appellant filed a memo along with an attached exhibit. According to the memo, Appellant contacted the trial judge's office in order to obtain a judgment. The trial judge then marked through the word "Memorandum" at the top of the order of November 10, 2008, wrote the word, "Judgment," and initialed the change. The judge's clerk faxed a copy of this document to Appellant's counsel.

The trial court's action is akin to amending the order *nunc pro tunc* to denominate the order a "judgment." As stated in *Brooks v. Brooks,* 98 S.W.3d 530, 532 (Mo. banc 2003), this is an improper way to convert an order into a final judgment and

does not comply with Rule 74.01(a). Moreover, unlike *Brooks,* it is not clear in the record that the trial court intended to finalize the judgment, because the court failed to enter a new judgment with a new date.

In *In re Estate of Shaw,* 256 S.W.3d 72, 76 (Mo. banc 2008), the Supreme Court held that a judge could not properly modify a judgment by striking through his signature and initialing the change. The Court stated that a judicial mistake cannot be corrected by entering a *nunc pro tunc* judgment. *Id.* at 76 n. 3. In addition, the Court stated that the document with the stricken signature could not be treated as a judgment because there was no second file stamp nor a docket entry reflecting an amended judgment had been filed with the clerk of the circuit court and nothing to reflect service of the amended judgment on the parties. *Id.* Here, the lone document filed with this Court contains the same defects as in *Shaw.* The record does not reveal whether a second document was made or the original memorandum was marked upon. There is nothing to reflect the document was received or file stamped by the clerk or a docket entry made after the word "judgment" was written out. Other than Appellant, there is nothing to reflect service on the parties. Under *Brooks* and *Shaw,* the document is not a valid action by the trial court. Accordingly, the only document of consideration is the November 10, 2008 order, which does not comply with Rule 74.01(a).

The appeal is dismissed without prejudice for lack of a final, appealable judgment.

PATRICIA L. COHEN, J., and KENNETH M. ROMINES, J., concur.