

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| WILLIAM SCOTT JOHNSTON, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD79512 |
| | ) | |
| SALADINO MECHANICAL AND | ) | Opinion filed:  November 15, 2016 |
| CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF CASS COUNTY, MISSOURI**
**THE HONORABLE R. MICHAEL WAGNER**

Before Division One:  Thomas H. Newton, Presiding Judge,
Cynthia L. Martin, Judge and Edward R. Ardini, Jr., Judge

Saladino Mechanical and the Cincinnati Insurance Company appeal from an order denying their Petition for Stay of Execution relating to a judgment entered by the Circuit Court of Cass County pursuant to section 287.500[1] in favor of William Scott Johnston. Because we find that we lack the jurisdiction to hear the appeal, we dismiss.

## Factual and Procedural Background

William Scott Johnston ("Johnston") sustained an injury arising out of the course of his employment in Harrisonville, Missouri, on December 20, 2007. Johnston subsequently filed a

---

[1] All statutory citations are to the Revised Statutes of Missouri, 2010, as supplemented.

claim with the Missouri Division of Workers' Compensation against his employer, Saladino Mechanical, and its insurer, Cincinnati Insurance Company (collectively "Appellants"). Following a hearing before an administrative law judge, an award was entered on September 30, 2014, in favor of Johnston and directing the Appellants to pay him past and future medical expenses and permanent total disability benefits. The award of the administrative law judge was appealed to the Missouri Labor and Industrial Relations Commission ("Commission") which affirmed the administrative law judge's decision on May 28, 2015, in a final award that specifically recited that "[a]ny past due compensation shall bear interest as provided by law." The final award of the Commission was not appealed.

The Appellants paid the principal sum due under the Commission's final award but refused, and continues to refuse, to pay any interest that Johnston claims is due and owing. Johnston, seeking a mechanism to enforce the Commission's final award and collect the interest he asserts is due to him, filed a petition in the Circuit Court of Cass County on August 17, 2015, to have the final award reduced to a judgment pursuant to section 287.500. A hearing on the petition was held on November 23, 2015,[2] and the circuit court entered its judgment on December 28, 2015. No appeal of this judgment was taken and the record does not reflect any attempt by Johnston to formally execute on the judgment.

On January 6, 2016, Appellants filed a Petition for Stay of Execution of the judgment issued December 28, 2015, arguing that it was "void in that it [was] not sufficiently definite and certain such that it may be enforced by the Court without resorting to external proof or a further hearing." Suggestions in support and opposition were filed by the parties and a hearing held on the matter. The circuit court denied the Petition for Stay of Execution by order issued February 19,

---

[2] The Appellants did not appear at the November 23, 2015, hearing.

2

2016. The February 19, 2016, order was denominated as an "Order" on the docket, titled as an "Order," and concluded with the phrase "it is so ordered." The Appellants filed a Notice of Appeal on March 18, 2016, appealing the circuit court's order denying their Petition for Stay of Execution and attaching the same.[3]

## Discussion

The crux of this case is the Appellants' contention that the judgment entered by the circuit court is void and unenforceable on the grounds that it is "not sufficiently definite and certain" on the issue of interest owed to Johnston. The action brought by Johnston in the circuit court reduced the Commission's final award to a judgment for the purpose of compelling enforcement. *See Roller v. Steelman,* 297 S.W.3d 128, 134 (Mo. App. W.D. 2009) ("Section 287.500 provides a means by which a final award can be enforced by the circuit court."); *Brown v. Color Coating, Inc.*, 867 S.W.2d 242, 244 (Mo. App. S.D. 1993) ("[P]roceedings pursuant to § 287.500 merely provide a method for enforcement of the [worker's compensation] award."). The obligations imposed on the Appellants, however, are established in the Commission's final award.[4] In this case, the Appellants did not appeal the Commission's final award or the judgment entered by the circuit court pursuant to section 287.500 but instead filed a Petition for Stay of Execution, the denial of which is now before us in this appeal.

---

[3] Upon a request to demonstrate the existence of a final reviewable judgment as defined by Rule 74.01(a), the Appellants furnished this court with a copy of the circuit court's December 28, 2015, judgment that reduced the Commission's final award to a judgment. This is inconsistent with the Appellants' notice of appeal that listed the date of judgment as February 19, 2016, and attached the February 19, 2016, order denying its Petition for Stay of Execution as the judgment being appealed. Further, even if we were to consider, *arguendo,* that the appeal now before us is taken from the December 28, 2015, judgment, this court would lack jurisdiction to hear the appeal, as it would have been brought outside of the time permitted to bring the appeal. *See* Rule 81.04; 81.05; *Matter of Foreclosure of Liens for Delinquent Land Taxes v. Parcels of Land Encumbered with Delinquent Tax Liens,* 484 S.W. 3d 806, 808 (Mo App. W.D. 2016).

[4] "A section 287.500 action is purely ministerial." *Roller*, 297 S.W.3d at 134. "Thus, the circuit court may only enter a judgment that is in accord with the Commission's [final] award." *Id.*

The Appellants' Petition for Stay of Execution was filed pursuant to Rule 76.25[5] which states, in relevant part, that a "person whose property **has been levied upon** may apply to the judge of the division of the court out of which the same was issued for a stay of execution or to quash the execution." (emphasis added). We note at the outset that the Appellants' Petition for Stay of Execution appears to have been brought prematurely. There is no indication in the record that any attempt has been made by Johnston to levy upon the property of the Appellants. Missouri case law supports the logical conclusion that an attempt to execute upon a judgment is a necessary prerequisite to a request to stay execution. *See Southern Missouri Dist. Council of the Assemblies of God, Inc. v. Kirk*, 334 S.W.3d 599, 603 (Mo. App. S.D. 2011) ("[Appellant] could have waited until execution had issued and then sought a stay pursuant to Rule 76.25."); *Noble v. Noble*, 456 S.W.3d 120, 127 (Mo. App. W.D. 2015) (finding appeal of motion to quash garnishment was moot as garnishments had either expired, been released, or withdrawn). While the apparent prematurity of the Appellants' motion would otherwise be a concern, especially given that the Petition for Stay of Execution was the sole effort by the Appellants to collaterally attack the judgment of the circuit court, we are unable to reach this issue, as there is an even more urgent problem with the appeal.

Before a court may address the merits of an appeal, we must first determine, *sua sponte*, whether we have the jurisdiction to review it. *Capital Finance Loans, LLC v. Read*, 476 S.W.3d 925, 927 (Mo. App. W.D. 2015). "The right to appeal is purely statutory and where a statute does not give a right to appeal, no right exists." *State ex rel. Koster v. ConocoPhillips Co.*, 493 S.W.3d 397, 399 (Mo. banc 2016). Consequently, an appeal that lacks statutory authority, and thus the right to be brought, is beyond the jurisdiction of this court to hear. *Schulze v. Erickson*, 17 S.W.3d 588, 590 (Mo. App. W.D. 2000).

---

[5] All references are to Missouri Supreme Court Rules (2016).

The statutory authority to bring an appeal is found in section 512.020, which permits an appeal to be brought from, among other rulings, any "[f]inal judgment in the case or from any special order after final judgment in the cause." Missouri courts have understood the phrase "any special order after final judgment in the cause" to refer "to the orders in special proceedings attacking or aiding the enforcement of the judgment after it has become final in the action in which it was rendered." *Basta v. Kansas City Power & Light Co.*, 410 S.W.3d 743, 747 (Mo. App. W.D. 2013). "A motion to stay execution is obviously one attacking the enforcement of the judgment, and as such the order which the court makes upon it is one from which an appeal will lie." *City of Caruthersville v. Cantrell*, 241 S.W.2d 790, 791 (Mo. App. E.D. 1951)

The issue is not settled, however, because the Missouri Supreme Court has made it clear that the requirements of Rule 74.01(a) apply to the special orders found in section 512.020. *See, e.g.*, *Spiece v. Garland*, 197 S.W.3d 594, 595 (Mo. banc 2006); *Brooks v. Brooks*, 98 S.W.3d 530, 532 (Mo. banc 2003). Rule 74.01(a) defines the term judgment and states that it "includes a decree ***and any order*** from which an appeal lies." (emphasis added). Rule 74.01(a) further states, "a judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." The rule therefore requires that for an appeal to be taken, it must be from a decision of the lower court that has been reduced to writing, signed by the judge, and denominated a "judgment" or "decree." The Missouri Supreme Court has firmly stated that an otherwise appealable special order "must be perfected in this way under Rule 74.01(a) before it can constitute an order from which an appeal lies under section 512.020." *Spiece*, 197 S.W.3d at 595–96; *Brooks*, 98 S.W.3d at 532 ("[T]o perfect the appeal it is still necessary to denominate the order as a 'judgment or decree.'"); *see also Hamilton v. Hamilton*, 278 S.W.3d 730, 732 (Mo. App. W.D. 2009) (holding same). The order of the trial court entered on February 19, 2016, is denominated

as an order on the docket sheet, is titled as an order, and concludes with the language "it is so ordered." The order does not contain the words "judgment" or "decree" and, as such, does not meet the requirements of Rule 74.01(a), is not a final judgment for the purpose of appeal, and thus is not suitable for review by this court.

The appeal is dismissed without prejudice for lack of a final, appealable judgment.


_____
EDWARD R. ARDINI, JR., JUDGE

All concur.

6