

# Missouri Court of Appeals
## Southern District
### Division One

MEADOWFRESH SOLUTIONS USA, LLC, )
et al., )
)
    Plaintiffs-Respondents, )
)
vs. )    No. SD35269
)
MAPLE GROVE FARMS, LLC, )    Filed February 4, 2019
LEON RINEHART, TED DAHLSTROM, )
CAROL DAHLSTROM, CURTIS HALL, )
LISA HALL, and KYLE BOUNOUS, )
)
    Defendants-Appellants. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason R. Brown

APPEAL DISMISSED

Maple Grove Farms, LLC, Leon Rinehart, Ted Dahlstrom, Carol Dahlstrom, Curtis Hall, Lisa Hall, and Kyle Bounous (collectively "Appellants") purport to appeal the trial court's order denying their Motion for Order Revoking, or in the Alternative, Modifying and Changing Interlocutory Order Appointing Receiver.[1] No appeal lies from the trial court's order, however, because it is not denominated a "judgment" or "decree," as required by Rule 74.01(a).[2] *Spiece v. Garland*, 197 S.W.3d 594, 595 (Mo. banc 2006). Accordingly, the appeal is dismissed.

---

[1] All statutory references are to RSMo 2016.
[2] All rule references are to Missouri Court Rules (2018).

## Factual and Procedural Background

Meadowfresh Solutions USA, LLC ("Meadowfresh") brought suit against Appellants. On November 6, 2017, in response to a Meadowfresh motion, the trial court appointed a receiver for Maple Grove Farms, LLC. Appellants thereafter filed a Motion for Order Revoking, or in the Alternative, Modifying and Changing Interlocutory Order Appointing Receiver. That motion was denied by a trial court order entered on November 29, 2017. Appellants filed a notice of appeal of that order six days later, on December 5, 2017.

## Discussion

Before reaching the merits of this appeal, we must first determine whether the appeal was filed under the appropriate statutory scheme and court rules. *Sanford v. CenturyTel of Missouri, LLC*, 490 S.W.3d 717, 719 (Mo. banc 2016). "The right to appeal is purely statutory and where a statute does not give a right to appeal, no right exists." *State ex rel. Koster v. ConocoPhillips Co.*, 493 S.W.3d 397, 399 (Mo. banc 2016).

Section 512.020 generally governs the substantive right to appeal in a civil case. *See Spiece*, 197 S.W.3d at 595. That section states, in relevant part, that any aggrieved party may appeal from any:

> (1) Order granting a new trial;
>
> (2) *Order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers*, or dissolving an injunction;
>
> (3) Order granting or denying class action certification provided that:
>
>> (a) The court of appeals, in its discretion, permits such an appeal; and
>>
>> (b) An appeal of such an order shall not stay proceedings in the court unless the judge or the court of appeals so orders;
>
> (4) Interlocutory judgments in actions of partition which determine the rights of the parties; or

(5) Final judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.

Section 512.020 (emphasis added). This section, however, "merely lists the kinds of orders that, in addition to final judgments, are appealable; it does not purport to address the procedural requirements for the appeal." *Spiece*, 197 S.W.3d at 596.

In *Spiece*, our Supreme Court considered the purported appeal of a trial court's order granting a new trial under section 512.020(1). *Spiece*, 197 S.W.3d at 595. *Spiece* held that section 512.020

> must be read in conjunction with Rule 74.01(a), which states: "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. *A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed.*

*Id.* In describing the effect of Rule 74.01(a), our high court said,

> there can be no order from which an appeal lies unless the decree or order is entered and denominated a "judgment." In other words, the order must be perfected in this way under Rule 74.01(a) before it can constitute an order from which an appeal lies under section 512.020. There is no conflict between the statute and the rule.

*Id.* at 595–96. Based upon this analysis, *Spiece* held that the appellant "was entitled to appeal the order granting a new trial under section 512.020, but she was not entitled to do so until the court perfected the order by denominating it a judgment under Rule 74.01(a)."[3] *Id.* at 596.

The record reveals and Appellants concede that the trial court's order purportedly appealed here does not satisfy the Rule 74.01(a) denomination requirement. Rather, without mentioning *Spiece*, Appellants argue that Rule 74.01(a) does not apply to an interlocutory appeal

---

[3] *Spiece* noted that "had the trial court failed to later denominate the order granting the new trial as a 'judgment,' a writ could have issued compelling the court to do so or to otherwise refrain from proceeding with the new trial." *Spiece*, 197 S.W.3d at 596.

3

of a trial court's interlocutory order because "[t]o denominate an order as 'judgment' is nonsensical." They identify two bases supporting their argument: first, "The appeal of such an order is specifically authorized by §515.665, RSMo. and §512.020(2), RSMo. Both statutes properly use the term 'order' and not 'judgment[;]'" and, second, "*Sanford v. Centurytel of Missouri*, LLC, 490 S.W.3d 717 (Mo. banc 2016), . . . makes it clear that an 'interlocutory order does not become a judgment just because a statute makes it subject to interlocutory appeal.'"

Appellants' reliance on section 515.665 is unavailing. The Missouri Commercial Receivership Act—sections 515.500 to 515.665—controls the appointment of a receiver. Section 515.665 provides that "[o]rders of the court pursuant to sections 515.500 to 515.665 are appealable to the extent allowed under existing law, including subdivision (2) of section 512.020." Section 515.665 does not aid Appellants for two reasons. First, Appellants fail to support its applicability by demonstrating that the trial court's order they purport to appeal here was made "pursuant to sections 515.500 to 515.665." Second, even assuming, without deciding, that it was made under one of those sections, section 515.665, nevertheless, only provides for an interlocutory appeal of an order "to the extent allowed under existing law, including subdivision (2) of section 512.020." In other words, as applicable to the trial court's order here, the section 515.665 statutory right to an interlocutory appeal, even if applicable, is only that provided under section 512.020(2). Of course, as discussed *supra*, the Rule 74.01(a) denomination requirement procedurally applies to a section 512.020 appeal of a trial court's order. **Spiece**, 197 S.W.3d at 595-96.

Appellants' reliance upon **Sanford** is also unavailing because **Sanford** did not overrule **Spiece**. In **Sanford**, our supreme court addressed the timeliness of an appeal of the trial court's interlocutory order denying arbitration. **Sanford**, 490 S.W.3d at 719. Section 435.440.1(1)

provides a statutory right to an interlocutory appeal of such an order. *Id.* Holding that the order was immediately appealable upon entry and that an interlocutory appeal must be filed within ten days thereafter, *Sanford* determined that the appellant's notice of appeal, filed thirty-nine days after the order was entered, was not timely. *Id.* at 720. In so holding, the court rejected the appellant's argument that it "should treat the July 10 interlocutory order denying arbitration as a judgment to which Rule 81.05(a)(1) is applicable because Rule 74.01 states that a "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." *Sanford* concluded that Rule 81.05(a)(1) does not apply to appealable interlocutory orders under section 435.440 because "[t]hey are not a final determination of the rights of the parties and, therefore, are not judgments." *Id.* at 721-22. In reaching this conclusion, *Sanford* expressly overruled the *Motormax Fin. Servs. Corp. v. Knight*, 474 S.W.3d 164 (Mo.App. 2015), analysis that relied upon the Rule 74.01(a) denomination requirement to characterize a trial court's interlocutory order as a judgment subject to the Rule 81.05(a)(1) thirty-day period. *Sanford*, 490 S.W.3d at 718, 720.

> Appellants argue that
>
> [t]he *Sanford* court held that such interlocutory orders are not judgments. This case is analogous as it falls under §512.020(2) as well. To require the denomination of an order which has been specifically declared by the Supreme Court not to be a judgment as "judgment" is, as the *Sanford* court put it, meaningless.

This court has no substantive quarrels with the analysis and logic employed in *Sanford* to support its conclusion that interlocutory orders are not judgments. Similarly, Appellants' invitation to apply a similar analysis here to achieve a consistent denomination result makes common sense. We cannot overlook or ignore, however, that *Sanford* does not expressly address in any manner the applicability of the Rule 74.01(a) denomination requirement to a section 512.020 appeal as explicitly addressed and resolved in *Spiece* and does not mention

5

*Spiece*.  Where an opinion does not expressly address an issue, it is presumed that the opinion made no decision on that issue.  *State v. Honeycutt*, 421 S.W.3d 410, 423 (Mo. banc 2013).  Also, it is generally presumed, absent a contrary showing, that an opinion of our supreme court has not been overruled *sub silentio*.  *Id.* at 422.  Finding nothing in *Sanford* showing to the contrary, we presume it made no decision on the applicability of the Rule 74.01(a) denomination requirement to a section 512.020 appeal and it did not overrule *Spiece sub silentio*.  *See Honeycutt*, 421 S.W.3d at 422-23.

This court is constitutionally bound to follow the latest controlling decision of the Supreme Court of Missouri.  MO. CONST. art. V, § 2; *Knorp v. Thompson*, 175 S.W.2d 889 (Mo. 1943).  "Supreme Court decisions that have not subsequently been criticized, modified, or overruled are controlling authority."  *McMillan v. Pilot Travel Ctrs., LLC*, 515 S.W.3d 699, 706 (Mo.App. 2016).  We do not presume the supreme court has overruled its previous decisions unless it proclaims otherwise.  *Id.*  Because *Spiece* is our supreme court's latest controlling decision on the applicability of the Rule 74.01(a) denomination requirement to an order appealed under section 512.020, *see Spiece*, 197 S.W.3d at 594, and it has not been criticized, modified, or overruled, we are constitutionally bound to follow it, *see McMillan*, 515 S.W.3d at 706.  Applying *Spiece*, no appeal under section 512.020 lies from the trial court's order purportedly appealed here because it is not denominated a "judgment" or "decree," as procedurally required by Rule 74.01(a).  *Spiece*, 197 S.W.3d at 595-96.

## Decision

The appeal is dismissed.

GARY W. LYNCH, J. – OPINION AUTHOR

DON E. BURRELL, JR., P.J. – concurring in separate opinion

NANCY STEFFEN RAHMEYER, J. – dissenting in separate opinion



# Missouri Court of Appeals

## Southern District

### Division One

MEADOWFRESH SOLUTIONS USA,
LLC, et al.,

      Plaintiffs-Respondents,

vs.

MAPLE GROVE FARMS, LLC,
LEON RINEHART, TED DAHLSTROM,
CAROL DAHLSTROM, CURTIS HALL,
LISA HALL, and KYLE BOUNOUS,

      Defendants-Appellants.

No. SD35269

Filed February 4, 2019

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason R. Brown

## CONCURRING OPINION

As a trial judge, it really rubbed me the wrong way that I could be forced – by

extraordinary writ, no less – to rename as a "judgment" what was clearly an order. I now find

that it chafes me no less as an appellate judge.

> "An appealable judgment resolves all issues in a case, leaving nothing for future
> determination." *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997).
> Generally, "[a] final judgment is a prerequisite to appellate review." *Ndegwa* [*v.*
> *IndyMac Bank*]*,* 371 S.W.3d [798,] 801 [(Mo. banc 2012)]. "If the trial court's

judgments are not final, this Court lacks jurisdiction and the appeal[ ] must be dismissed." *Gibson,* 952 S.W.2d 239.

*Sanford v. CenturyTel of Missouri, LLC*, 490 S.W.3d 717, 719 (Mo. banc 2016).

In *Sanford*, our high court laid out a perfectly logical procedure for appealing the denial of a motion to compel arbitration without the necessity of denominating that order as a "judgment." *Id.* at 720. Why the Court did not also overrule *Spiece v. Garland*, 197 S.W.3d 594, 595 (Mo. banc 2006), when it overruled *Motormax Fin. Services Corp. v. Knight,* 474 S.W.3d 164 (Mo. App. E.D. 2015), is a mystery to me, but we cannot overlook the fact that it did not do so.

Being in the position of having to explain that we cannot use the procedure approved in *Sanford* because the right to appeal the interlocutory order at issue here is located in section 512.020 is less than satisfying, but I must reluctantly concur.[1]

DON E. BURRELL, P.J. – Concurring Opinion Author

---

[1] As an aside, I was similarly disappointed to learn in a different context that a document denominated as a judgment, enforceable as a judgment, and resolving all issues in a case, leaving nothing for future determination, was *not* a judgment. *See State ex rel. Hilburn v. Staeden*, 91 S.W.3d 607 (Mo. banc 2002). Must these oddities be so?

> 'When *I* use a word,' Humpty Dumpty said in rather a scornful tone, 'it means just what I choose it to mean — neither more nor less.'
> 'The question is,' said Alice, 'whether you can make words mean different things.'
> 'The question is,' said Humpty Dumpty, 'which is to be master — that's all.'

Lewis Carroll, *Alice's Adventures in Wonderland & Through the Looking-Glass* 210 (CRW Publishing Limited 2004).

If I were master, all interlocutory orders appealable by statute would remain denominated as orders, and a notice of appeal filed within 10 days of their entry would subject them to an interlocutory appeal. Judgments disposing of all issues in the case would be denominated as judgments, and after remaining subject to modification by the trial court for 30 days, they would then be appealable by a notice of appeal filed not more than 10 days after the judgment becomes final. *See* Rule 81.05(a).
But I am not the master. As correctly noted in the principal opinion, *Spiece* is the master.

2



# Missouri Court of Appeals

### Southern District

#### Division One

MEADOWFRESH SOLUTIONS USA, )
LLC, et al., )
)
       Plaintiffs-Respondents, )
)
    v. )      No. SD35269
)
MAPLE GROVE FARMS, LLC, )    Filed:  February 4, 2019
a Missouri limited liability company, )
et al., )
)
       Defendants-Appellants. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason R. Brown, Circuit Judge

**DISSENTING OPINION**

There is little that I can add to the well-written majority and concurring opinions,

however, I must dissent from the conclusion of both opinions that the Supreme Court requires

that the designation of a "Judgment" be on this interlocutory order denying a Motion for Order

Revoking the appointment of a receiver.  As noted in both opinions, there is no small amount of

confusion concerning Rule 74.01(a).[1]  I believe the Supreme Court acknowledged the difficulty

---

[1] All rule references are to Missouri Court Rules (2018), and all references to statutes are to RSMo 2016, unless otherwise specified.

of designating an interlocutory order as "final" in ***Sanford v. CenturyTel of Missouri, LLC***, 490 S.W.3d 717, 719 (Mo. banc 2016), and mandates the opposite result of the majority opinions.

In ***Sanford***, following a hearing, the trial court entered an order denying arbitration. ***Id.*** The trial court specifically found that the movant was entitled to partial summary judgment as a matter of law and entered "Partial Summary Judgment." ***Id.*** An appeal was not filed until thirty-nine days after the trial court entered its July 10th order. ***Id.*** The Supreme Court cited the general rule:

> Before reaching the merits of CenturyLink's appeal, this Court must first determine whether the appeal was timely filed under the appropriate statutory scheme and this Court's rules. Under section 512.020, "[a]ny party to a suit aggrieved by any judgment of any trial court . . . may take his or her appeal to a court having appellate jurisdiction from any . . . [f]inal judgment in the case . . . ." An appealable judgment resolves all issues in a case, leaving nothing for future determination. Generally, a final judgment is a prerequisite to appellate review. If the trial court's judgments are not final, this Court lacks jurisdiction and the appeal must be dismissed.

***Id.*** (internal citations and quotations omitted). The Supreme Court then noted that the partial summary judgment ruled only on the issues of consideration and arbitrability, therefore, it was not a final judgment. ***Id.*** Citing to section 435.440.1(1), the court found that an interlocutory appeal was allowed by that statute. ***Id.*** Then, specifically addressing section 435.440.2, the court stated that the appeal "**shall be taken in the manner and to the same extent as from orders or judgment in a civil action.**" ***Id.*** (emphasis added). The Supreme Court then turned to Rule 81.04(a) to determine that the appeal was not timely because it was not filed 10 days "after the **judgment or order** appealed from becomes final." ***Id.*** (emphasis added). The court indicated, "But, as just noted, an interlocutory order is, by definition, not 'final' because Rule 74.01(b) provides that it remains modifiable and, therefore, '[a]t anytime *before final judgment* a

2

court may open, amend, reverse or vacate an interlocutory order.'" ***Id.*** at 719-20 (internal citations omitted; emphasis added in original).

The Supreme Court addressed the argument of appellants that the civil rules of procedure regarding when a judgment was final should be applied. CenturyLink had argued that the court should treat the interlocutory order denying arbitration as a judgment to which Rule 81.05(a)(1) was applicable because Rule 74.01 states that a "'[j]udgment as used in these rules includes a decree and any order from which an appeal lies.'" ***Id.*** at 720. CenturyLink further argued that Rule 81.05(a)(1) provides that the judgment was not final until the expiration of thirty days after its entry and requires the notice of appeal be filed within ten days after a judgment becomes final. ***Id.*** CenturyLink further reasoned that because the order was made immediately appealable by statute, it therefore is a "judgment" under Rule 81.05(a)(1) and was not final and appealable until 30 days after it was entered. ***Id.*** If true, then the "judgment" did not become final until then and was appealable within ten days after that date. ***Id.*** CenturyLink cited to previous cases that held the "order" was denominated a "judgment" for purposes of Rule 81.05(a)(1) and allowed the forty days to file an appeal. ***Id.***

> Rejecting that analysis, the Supreme Court unanimously held the prior cases:
>
> ignore the purpose and function of Rule 81.05(a)(1)'s delay of the finality of a judgment for 30 days. Its purpose is to allow the trial court to "retain[] control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time[,]" before an appeal is filed. Rule 75.01.
> But, applying this 30-day window to interlocutory orders would be meaningless. A trial court does not need Rule 81.05(a)(1) to gain authority over an interlocutory judgment. Rule 74.01(b) provides:
>> . . . Any order . . . that adjudicates fewer than all claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order . . . *is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*

3

*Id.* at 720-21 (internal quotations omitted; emphasis added in original). Further:

> If this order was deemed a "judgment" and Rule 81.05(a)(1) applies, then, after 30 days, the judgment would become final and the trial court would lose authority to amend its order even though it retains jurisdiction over the rest of the case. Here, the interlocutory order does not become a judgment just because a statute makes it subject to interlocutory appeal. Rule 81.05(a)(1) simply does not apply to interlocutory appealable orders.
>
> . . . .
>
> This result is consistent with other cases addressing when an interlocutory order becomes final for purposes of appeal when a statute gives a party the right to immediate appeal of that order. For example, much like section 435.440, section 472.160 creates an immediate right to appeal certain interlocutory probate orders.[]

*Id.* at 721-22 (footnote omitted).[2]

The conclusion and holding of *Sanford* is that, "The July 10 order did not dispose of all claims in the case and is, therefore, an interlocutory order that was appealable under section 435.440 immediately upon entry." *Id.* at 722.

Likewise, in this case, section 515.665 allows for interlocutory appeals of this order. The majority opinion states that because section 515.665 addresses section 512.020 and, further, because *Spiece v. Garland*, 197 S.W.3d 594 (Mo. banc 2006), broadly discusses section 512.020, this interlocutory appeal comes within the dictates of *Spiece*. I disagree. I believe in *Sanford* the Supreme Court indicated that it expects this Court to continue to look to the substance of the order to determine if it is a "judgment" or an "order" and, thus, final for appeal. The simple designation "judgment" on an order does not make it appealable. Every aspect of *Sanford* is present here. There is absolutely no logical reason to send this appeal back to the trial court to designate this appeal as "final," which it, in fact, is not as the trial court retained

_____

[2] Section 472.141 also provides that the rules of civil procedure apply with some exceptions. There is no specific exception listed for the appeal of any of the interlocutory orders listed in section 472.160.

jurisdiction over the undecided issues in this case and is proceeding. We should decide this case on its merits.

Because a quagmire exists for practicing attorneys, trial courts and the courts of appeal, I believe this is the appropriate case for the Supreme Court to provide guidance. I hereby certify that the majority opinion is contrary to a previous decision of an appellate court of this state and hereby transfer this case to the Supreme Court of Missouri pursuant to Rule 83.03.


Nancy Steffen Rahmeyer, J. – Dissenting Opinion Author