

# SUPREME COURT OF MISSOURI
## en banc

MEADOWFRESH SOLUTIONS USA, LLC,     )
)
           Respondent,     )
)
v.     )
)
MAPLE GROVE FARMS, LLC,     )
LEON RINEHART, TED DAHLSTROM,     )
CAROL DAHLSTROM, CURTIS HALL,     )
LISA HALL, and KYLE BOUNOUS,     )
)
           Appellants.     )

*Opinion issued August 13, 2019*

No. SC97689

## APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY
The Honorable Jason R. Brown, Judge

Maple Grove Farms, LLC, Leon Rinehart, Ted Dahlstrom, Carol Dahlstrom, Curtis Hall, Lisa Hall, and Kyle Bounous (hereinafter, and collectively, "Maple Grove") sought to appeal the circuit court's order overruling their "Motion for Order Revoking, or in the Alternative, Modifying and Changing Interlocutory Order Appointing Receiver." The Missouri Court of Appeals, Southern District, dismissed Maple Grove's appeal because the order was not denominated a judgment pursuant to Rule 74.01(a). This Court holds the circuit court's order was appealable pursuant to sections 515.665 and 512.020(2),

RSMo 2016.[1] This Court further holds the circuit court's order did not have to be denominated a judgment pursuant to Rule 74.01(a) for an appeal to be taken because it was an interlocutory order that did not fully resolve at least one claim and did not establish all of the rights and liabilities of the parties with respect to that claim. The case is retransferred to the Southern District for it to review the underlying merits of the circuit court's order as asserted in Maple Grove's remaining points on appeal.

## Factual and Procedural History

In October 2011, Maple Grove was formed for the purpose of owning and operating a dairy farm in Barry County, Missouri. Meadowfresh Solutions USA, LLC (hereinafter, "Meadowfresh") was formed simultaneously to own a majority membership in Maple Grove. Meadowfresh subsequently sued Maple Grove and sought the appointment of a receiver for Maple Grove. The circuit court sustained Meadowfresh's motion. Maple Grove filed a "Motion for Order Revoking, or in the Alternative, Modifying and Changing Interlocutory Order Appointing Receiver." The circuit court issued an order overruling Maple Grove's motion. This order was not denominated a judgment.

Maple Grove filed a timely notice of appeal, relying on section 515.665, which provides, "Orders of the court pursuant to sections 515.500 to 515.665 are appealable to the extent allowed under existing law, including subdivision (2) of section 512.020." Section 512.020(2) explicitly permits an aggrieved party to appeal any "[o]rder refusing to revoke, modify, or change an interlocutory order appointing a receiver …."

---

[1] All statutory references are to RSMo 2016.

2

The Southern District dismissed Maple Grove's appeal, finding the circuit court's order overruling Maple Grove's motion to revoke the receivership appointment was not denominated a judgment pursuant to Rule 74.01(a). The Honorable Nancy Steffen Rahmeyer dissented and certified this case for transfer to this Court pursuant to Rule 83.03.

## Standard of Review

This Court has exclusive appellate jurisdiction over certain cases. *See* Mo. Const. art. V, sec. 3. This Court also has authority to "finally determine all causes coming to it from the court of appeals, whether by certification, transfer or certiorari, the same as on original appeal." Mo. Const. art. V, sec. 10. Hence, this Court must determine whether the circuit court's order overruling a motion to revoke a receivership appointment is an appealable order to invoke appellate jurisdiction.

"In all appeals, this Court is required to examine its jurisdiction *sua sponte*." *In re Marriage of Werths*, 33 S.W.3d 541, 542 (Mo. banc 2000). "In Missouri, the right to appeal is purely statutory, and 'where a statute does not give a right to appeal, no right exists.'" *Fannie Mae v. Truong*, 361 S.W.3d 400, 403 (Mo. banc 2012) (quoting *Farinella v. Croft*, 922 S.W.2d 755, 756 (Mo. banc 1996)). This Court has long held "[a]ppeals are favored in the law and statutes granting appeals are liberally construed." *O'Malley v. Cont'l Life Ins. Co.*, 75 S.W.2d 837, 839 (Mo. banc 1934); *Ins. Co. of State of Pa. v. Dir. of Revenue*, 269 S.W.3d 32, 37 (Mo. banc 2008).

3

**Analysis**

Maple Grove argues the circuit court's order overruling its motion to revoke the receivership appointment was an appealable, interlocutory order that did not have to be denominated a judgment before it could be appealed. Maple Grove urges this Court to adopt a "substance over form" analysis that would require an examination of the content, substance, and effect of the circuit court's order to determine whether it constitutes a judgment before requiring it to be denominated as such for purpose of appeal. Maple Grove maintains such an examination reveals the circuit court's order was interlocutory and, therefore, did not need to be denominated a judgment before an appeal could be taken pursuant to sections 515.665 and 512.020(2).

This Court recently clarified the "persistent confusion surrounding the issues of what a judgment is, what form it takes, and when it is entered." *State ex rel. Henderson v. Asel*, 566 S.W.3d 596, 598 (Mo. banc 2019). In *Henderson*, the relator sought to compel a circuit court to denominate its dismissal order as a judgment so the relator could appeal. *Id.* at 598. This Court found "[a] judgment is a legally enforceable judicial order that fully resolves at least one claim in a lawsuit and establishes all the rights and liabilities of the parties with respect to that claim." *Id.* "Judgments are a subset of orders generally." *Id.* at 599. "[B]ecause the foregoing definition of judgment depends upon the court's purpose and intent, a judgment must be denominated 'judgment' and signed by the judge to avoid any confusion about whether the court intended to enter a judgment." *Id.* This Court found, because the circuit court's dismissal order intended to resolve all of the relator's claims against all of the defendants, it was a judgment and must be denominated as such. *Id.*

4

This Court applied these same concepts in cases prior to *Henderson*. In *Sanford v. CenturyTel of Missouri, LLC*, 490 S.W.3d 717, 722 (Mo. banc 2016), this Court held an order denying arbitration did not constitute a final judgment because the order did not present a final determination of the rights of the parties or dispose of all of the issues. Similarly, in *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2012), this Court stated a circuit court's determination that an order constituted a judgment for purpose of appeal was "not dispositive; instead it is the content, substance, and effect of the order that determines finality and appealabilty." (quoting *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997)) (internal quotation and alterations omitted)). In *Lake v. McCollum*, 257 S.W.3d 614, 616 n.5 (Mo. banc 2008), this Court admonished, "In order to avoid confusion, circuit courts should reserve the terms 'judgment' and 'decree' for those rulings or orders *intended* to be final appealable judgments" in which they no longer wish to retain jurisdiction over the issue or claim. (Emphasis added).

By contrast, an interlocutory order "is an order that is not final and decides some point or matter between the commencement and the end of a suit but does not resolve the entire controversy." *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011). "[A]n interlocutory order is, by definition, not 'final' because Rule 74.01(b) provides that it remains modifiable and, therefore, '[a]t any time *before final judgment* a court may open, amend, reverse, or vacate an interlocutory order." *Sanford*, 490 S.W.3d at 719-20 (quoting *Nicholson v. Surrey Vacation Resorts, Inc.*, 463 S.W.3d 358, 365 (Mo. App. S.D. 2015)) (internal quotations and citation omitted).

In this case, when examining the content and substance of the order, along with the circuit court's purpose and intent, it is clear the circuit court's order overruling the motion to revoke the receivership appointment is interlocutory and the circuit court intended to retain jurisdiction over the case to resolve additional issues. Accordingly, because it does not fully resolve one claim or establish all of the rights and liabilities of the parties with respect to that claim per *Henderson* and *Sanford*, the circuit court's order cannot constitute a judgment.

Meadowfresh argues this Court is bound by its decision in *Spiece v. Garland*, 197 S.W.3d 594, 595 (Mo. banc 2006), in which the aggrieved party sought to appeal an order granting a new trial pursuant to section 512.020(1). This Court held section 512.020 must be read in conjunction with Rule 74.01(a), which states, "'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." *Id*. This Court determined, "The effect of this rule … is that there can be no order from which an appeal lies unless the decree or order is entered and denominated a 'judgment'" pursuant to Rule 74.01(a). *Id*. This Court found there was no conflict between the statute and the rule because "[s]ection 512.020 merely lists the kinds of orders that, in addition to final judgments, are appealable; it does not purport to address the procedural requirements for the appeal." *Id*. at 596.

*Spiece* relied on *Brooks v. Brooks*, 98 S.W.3d 530, 532 (Mo. banc 2003), as further authority to require the circuit court to denominate an order as a judgment before it could be appealed. *Brooks* involved a qualified domestic relations order ("QDRO"), which is a

"special order after a final judgment" that may be appealed pursuant to section 512.020(5).

*Brooks* held, "Although the QDRO is an appealable special order, to perfect the appeal it is still necessary to denominate the order as a 'judgment or decree.'" *Id.* at 532. In *Spiece*, the appellant tried to distinguish and limit *Brooks*' holding by arguing it only applied to "special orders after a final judgment." *Spiece*, 197 S.W.3d at 596. This Court rejected that argument, finding "nothing in *Brooks* nor in the statute or the rule supports that conclusion. Section 512.020 lists both kinds of orders, and Rule 74.01(a) requires that both be denominated 'judgments.'" *Id.* Meadowfresh argues, because *Sanford* did not overrule *Spiece*, this Court must apply *Spiece* to dismiss Maple Grove's appeal because the circuit court's order was not denominated a judgment.[2]

"[An] interlocutory order does not become a judgment just because a statute makes it subject to interlocutory appeal." *Sanford*, 490 S.W.3d at 721. Requiring the circuit court to inaccurately label its clearly interlocutory order as a judgment for the sole purpose of allowing Maple Grove to perfect an appeal, which is authorized expressly by two different statutes, defies reason and elevates form over substance. Moreover, requiring this inaccurate labeling merely to take an appeal from statutorily authorized orders does not comport with this Court's long-standing precedent to review the content, substance, and

---

[2] While arguing the circuit court's order must be denominated a judgment before Maple Grove could appeal, Meadowfresh inexplicably also asserts the circuit court's order "is not (and should not be) denominated a 'judgment'" due to the nature of the ongoing issues involved in a receivership. This Court declines to adopt Meadowfresh's latter position because to do so would deprive Maple Grove of an opportunity to pursue the explicit statutory remedy to seek appellate review of the circuit court's order refusing to revoke a receivership appointment.

7

effect of the order entered and the circuit court's intent and purpose when doing so. Accordingly, *Spiece* and *Brooks* are overruled to the extent they are inconsistent with this opinion. This Court cautions that this opinion does not eliminate the requirement of Rule 74.01(a) in which *actual* judgments—judicial orders fully resolving at least one claim in a lawsuit and establishing all of the rights and liabilities of the parties with respect to that claim—and "final judgments" (*i.e.*, judgments resolving the last claim in a lawsuit or a "distinct judicial unit" of claims and certified for immediate appeal by the circuit court pursuant to Rule 74.01(b)) must be denominated as such so an appeal may be taken.

## Conclusion

The circuit court's interlocutory order overruling Maple Grove's motion to revoke the receivership appointment is appealable and need not be denominated a judgment prior to the appeal being taken. This Court retransfers the case to the Southern District to review the underlying merits of the circuit court's order as asserted in Maple Grove's remaining points on appeal.

_____
GEORGE W. DRAPER III, CHIEF JUSTICE

All concur.

8