

# Missouri Court of Appeals
## Southern District

### In Division

JULIE ANN THOMAS,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff/Respondent,　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　　No. SD37483
　　　vs.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　　**Filed:　January 27, 2023**
KURT E. H'DOUBLER, individually and　　)
as trustee of the F. T. H'Doubler, Jr.,　　)
Revocable Trust dated May 2, 2000, and　)
the Francis T. H'Doubler, Jr., Family　　)
Trust created thereunder, and as　　　　)
co-trustee of the F. T. H'Doubler, Jr.,　　)
Irrevocable Trust dated May 1, 2000, and )
the Julie Ann Thomas Trust created　　　)
thereunder, and as trustee of the Joan　　)
L. H'Doubler Irrevocable Trust dated　　)
December 28, 1982, and the Trust for the )
benefit of Julie Thomas and the Credit　　)
Shelter Trust created thereunder; and　　)
SARAH ELLEN MUEGGE, individually,　　)
and as co-trustee of the F. T. H'Doubler, )
Jr. Irrevocable Trust dated May 1, 2000, )
and the Julie Ann Thomas Trust created　)
thereunder;　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants/Appellants,　　　　)
　　　　　　　　　　　　　　　　　　　　　)
DAVID A. HEALY, as personal　　　　　　)
representative of the Estate of Scott W.　)
H'Doubler; BRIAN MUEGGE,　　　　　　　)
individually and as next friend of S.F.M. )
and B.W.M.; BETH MCGEE, individually )
and as next friend of R.C.M. and E.M.;　)
TODD H'DOUBLER; SALLY　　　　　　　　)

H'DOUBLER; LAURIE THOMAS; )
BECKY THOMAS; COLLEEN T. )
WALTON, individually and as )
co-guardian of the person Marie )
H'Doubler and co-conservator of the )
Estate of Marie H'Doubler; GARY T. )
WALTON, SR., in his capacity as )
co-guardian of the person Marie )
H'Doubler and co-conservator of the )
Estate of Marie H'Doubler; and RICK )
STEVEN DENNEY, )
                                    )
      Defendants/Respondents. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Judge

**APPEAL DISMISSED**

This is the third appeal arising from a suit initiated by Julie Ann Thomas ("Thomas") in her capacity as a beneficiary of, among others, the F.T. H'Doubler, Jr., Irrevocable Trust dated May 1, 2000, and the F.T. H'Doubler, Jr., Revocable Trust dated May 2, 2000 ("the Trusts").[1] Appellants Kurt H'Doubler and Sarah Muegge, beneficiaries and trustees of the Trusts ("Trustees"), attempt an interlocutory appeal from a determination that the Trusts' no-contest clauses do not apply to Thomas's suit (a "Safe Harbor" determination). We must dismiss because Trustees did not timely exercise their right to interlocutory appeal as provided in § 456.4-420.3,[2] and no other statute provides for appeal of the court's Safe Harbor determination at this time.

---

[1] Although this suit has been pending for more than six years, the substantive facts have yet to be developed and determined. We recite background necessary to provide context for readers who are unfamiliar with the parties and their litigation history. ***Smith v. Great Am. Assur. Co.***, 436 S.W.3d 700, 705 (Mo.App. 2014). We have borrowed from facts stated in our prior opinion involving litigation between these same parties: ***Thomas v. H'Doubler***, 627 S.W.3d 449 (Mo.App. 2021) ("***H'Doubler II***"); and ***Thomas v. H'Doubler***, 613 S.W.3d 905 (Mo.App. 2020) ("***H'Doubler I***"). Our inclusion or exclusion of particular background information in this opinion should not be understood as an endorsement of or comment on any potential evidence that might be adduced at trial.

[2] Statutory references are to Missouri Revised Statutes (2016).

## Background

For a recitation of the prior history of this case, see ***H'Doubler I*** and ***H'Doubler II***, *supra.*

On remand from this court after ***H'Doubler II***, the trial court held a hearing and reconsidered Thomas's most recent petition for a Safe Harbor determination pursuant to § 456.4-420.1.[3]  The relevant portion of the court's docket entry reads, "Safe Harbor motion taken under advisement."

One month later, the court entered an order simply titled "Order" (the "First Order").  After summarizing the relevant facts and issue before the court, it found that the counts in Thomas's most recent petition did not violate the Trusts' no-contest clauses.  As relevant to this appeal, the court expressly observed, "This Order is immediately appealable pursuant to RSMo. § 456.4-420 . . . ."  No further hearing was held on the issue, no party filed a motion to withdraw, reconsider, or amend the First Order, and no timely appeal was taken from the First Order.

One month after entry of the First Order, the court entered another order with an identical title, findings, determination of the issue, and relief (the "Second Order").  The record contains no explanation why the Second Order was entered.  Forty days after entry of the First Order and eight days after entry of the Second Order, Trustees filed a notice of appeal of the Second Order.

## Right to and Timeliness of Appeal

Thomas has moved to dismiss this interlocutory appeal because the court's Safe

---

[3] An interested person may petition "for an interlocutory determination whether a particular motion, petition, or other claim for relief by the interested person would trigger application of the no-contest clause or would otherwise trigger a forfeiture that is enforceable under applicable law and public policy."  Section 456.4-420.1.  For a discussion of the development and purpose of the Safe Harbor statute, see ***Keen v. Wolfe***, SD37345, slip op. at 4-6 (Mo.App. S.D. Jan. 6, 2023).

Harbor determination occurred in the First Order, which was immediately appealable on entry, and Trustees did not file a notice of appeal within 10 days as required by Rule 81.04(a).[4] Trustees counter that a Safe Harbor determination is interlocutory and subject to withdrawal, amendment, or change prior to final judgment. They represent that they have no explanation why the court entered two orders, but the Second Order, from which they timely appealed, is the operative order on the Safe Harbor ruling.

*Legal Principles*

"Before addressing the merits of this appeal, this Court has a duty to determine whether it has jurisdiction. The right to appeal is purely statutory, and where a statute does not give a right to appeal, no right exists." ***Jefferson Cnty. 9-1-1 Dispatch v. Plaggenberg***, 645 S.W.3d 473, 475 (Mo. banc 2022) (internal punctuation and citation omitted). *Accord **In re Kraus***, 318 S.W.3d 274, 276 (Mo.App. 2010) ("The right to appeal from a judgment of the probate division is purely statutory."). Timely filing of a notice of appeal is jurisdictional; if a notice of appeal is untimely, we lack jurisdiction and must dismiss the appeal. ***Spicer v. Donald N. Spicer Revocable Living Tr.***, 336 S.W.3d 466, 471 (Mo. banc 2011). Therefore, "[w]e must examine whether the appeal was timely filed under the appropriate statutory scheme and Supreme Court Rules." ***Keen***, slip op. at 6.

Neither order in this case is a final judgment that qualifies for appeal under § 512.020(5), the general appeal statute.

> [A]n interlocutory order is an order that is not final and decides some point or matter between the commencement and the end of a suit but does not resolve the entire controversy. An interlocutory order is, by definition, not final because Rule 74.01(b) provides that it remains modifiable and,

---

[4] Rule references are to Missouri Supreme Court Rules (2022).

4

therefore, at any time before final judgment a court may open, amend, reverse or vacate an interlocutory order.

***Meadowfresh Sols. USA, LLC v. Maple Grove Farms, LLC***, 578 S.W.3d 758, 761 (Mo. banc 2019) (internal quotations and citations omitted). "For all practical effects, this continuing authority renders every pre-trial motion ruling without prejudice and subject to reconsideration by the trial court if it is entered before an authorized interlocutory appeal is taken on the ruled issue or, in its absence, before a final judgment is entered." ***Nicholson v. Surrey Vacation Resorts, Inc.***, 463 S.W.3d 358, 365 (Mo.App. 2015). "Of course, once a notice of appeal is filed on the order . . . the trial court's jurisdiction to modify *that order*—for the time being—is relinquished to the appellate court. But that does not change the fact that the order is still interlocutory." ***Sanford***, 490 S.W.3d at 721 (internal footnote omitted).

Neither interlocutory order in this case qualifies under § 512.020(1)-(4), which lists the interlocutory orders from which an immediate appeal may be taken. Section 456.4-420.3 is the *only* authority under which Trustees claim a right to this interlocutory appeal. That statute provides:

> An order or judgment determining a [Safe Harbor] petition . . . shall be subject to appeal as with other final judgments. If the order disposes of fewer than all claims for relief in a judicial proceeding, that order is subject to interlocutory appeal in accordance with the applicable rules for taking such an appeal.

For purposes of appeal, interlocutory orders become final when entered if, as here, a statute gives a party the right to immediate appeal of that order. ***Sanford***, 490 S.W.3d at 720-22. Thus, Trustees had 10 days after entry of the relevant order in which to file a notice of appeal. Rule 81.04(a).

5

*Timeliness of the Appeal*

None of the aforementioned legal principles are controverted by the parties. The crux of the issue is whether entry of the Second Order extended the time for filing a notice of appeal on the court's Safe Harbor determination such that Trustees' notice of appeal was timely filed. We review the content, substance, and effect of the orders entered and the circuit court's intent and purpose when doing so. *Meadowfresh*, 578 S.W.3d at 760-62.

With its continuing authority over interlocutory orders, the trial court could have vacated, reopened, corrected, amended, or modified the First Order. The Second Order did none of these things. The First Order was not vacated or withdrawn, and the findings, ruling, and relief in the Second Order remained identical to those contained in the First Order. It appears that the trial court simply entered a duplicate order. There is no indication in the record that the court intended to alter its determination or was attempting to extend the time for filing a notice of appeal.

**Conclusion**

The trial court's Safe Harbor findings and determination were entered in the First Order. That order was immediately appealable and was not withdrawn, vacated, reopened, corrected, amended, or modified. Trustees had the right to an interlocutory appeal of the court's Safe Harbor findings and determination pursuant to § 456.4-420.3; however, they failed to file a notice of appeal within 10 days as required by Rule 81.04(a). Because the notice of appeal was untimely filed, we lack jurisdiction and must dismiss. *Spicer*, 336 S.W.3d at 471.

6

Thomas's motion to dismiss is granted.  Appeal dismissed.[5]


JACK A. L. GOODMAN, C.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

---

[5] The failure to perfect, or the decision not to take, a statutorily-authorized interlocutory appeal does not preclude an aggrieved party from obtaining review of the court's ruling in an appeal taken after entry of final judgment. *Sanford*, 490 S.W.3d at 723; § 512.020(5).